ALFRED B. MEADER, TRUSTEE, PLAINTIFF IN ERROR, v. ELIJAH B. CORNELL, DEFENDANT IN ERROR.

1. A writ of error brought up from the Circuit Court, the record of a judgment, and the exceptions taken at the trial. The judgment was against the receiver of an Ohio corporation, at the suit of a Pennsyl-

vania creditor. *Held*, that the fact that the action had been begun in this state by a foreign attachment, levied upon the assets of the receiver, and that the effect of the judgment was to give a preference to the defendant in error over other creditors, could not be considered on this writ of error.

2. A plaintiff in error will not be permitted to raise in this court a point not taken in the trial court.

3. Where an article delivered does not conform to the description under which it was sold, the vendee is not bound to accept, and may recover whatever of the purchase price he has paid.

On error to the Union Circuit Court.

For the plaintiff in error, *Randolph, Condict & Black.*

For the defendant in error, *Richard V. Lindabury.*

The opinion of the court was delivered by

GARRISON, J.   This writ of error brings up the record of a judgment recovered in the Circuit Court of Union county ; sundry bills of exception also exhibit the proceedings had at the trial before the Circuit Court, where judgment final was entered against Alfred B. Meader, as trustee of the Blymer Ice Machine Company.

The title "trustee," by which the recovery against Meader was limited, is his official designation under the statute law of the State of Ohio, and imports that he was what in this state would be known as the receiver of an insolvent corporation.   The corporation whose insolvency had resulted in the appointment of a trustee by the Ohio courts was the Blymer Ice Machine Company, with which, prior to its going into insolvency, Cornell had contracted for one of its ice machines of a stipulated capacity.   Under this contract, Cornell had paid to the corporation the sum of $12,550, while the machine was in course of construction.   This sum, *inter alia,* Cornell recovered in the action now before us, which, at the time judgment was entered, was prosecuted solely against the trustee, the suit against the corporation having been discontinued before trial.   The recovery of this sum in such an

action is urged as a reason for reversal, upon the ground that payments made to the corporation before insolvency cannot be made the basis of a recovery against the receiver. The distinction between the application of the assets of an insolvent corporation to the payment of debts incurred by the receiver under the order of the court, and the diversion of the trust fund to answer the non-preferred claim of a general creditor of the corporation, is perfectly clear. It must also be admitted that a judgment that rests indiscriminately upon both of these grounds may do violence to the equitable administration of the assets of the receivership. Accordingly, it was argued that this judgment was devoid of legal validity. These considerations are, however, without force upon this writ of error.

Nothing in the record of this judgment discloses the existence of the state of affairs referred to, and no bill of exceptions states that any question with respect thereto was raised at the trial, or that any objection to the submission of the case to the jury was even suggested by the plaintiff in error. On the contrary, the most careful examination of the stenographic notes of the trial shows that such a course was not even hinted at by the party who now seeks to raise it. The case shows that at the trial the plaintiff was permitted to testify, without objection, to the payment of the sum in question; that at the close of his case motions were made to strike out several of his claims, but that no motion was made touching the sum under consideration. A motion was made to nonsuit, but none of the grounds specified this sum, or could by any possibility refer to or include it, nor was any such request made upon the motion to direct a verdict. No request to charge covers it, and finally, when in his charge the trial court directly told the jury, "Cornell will be entitled, if you find for him, in the first place, to recover the amount of purchase-money he paid on the machine." No exception was asked for or allowed. Under circumstances such as these, a plaintiff in error cannot be permitted to raise here, for the purpose of reversing a judgment against him, a

point not taken in the trial court. This is the settled rule. *Oliver* v. *Phelps*, 1 *Zab.* 609 ; *Perth Amboy Mfg. Co.* v. *Condit, Id.* 659 ; *Delaware, Lackawanna and Western Railroad Co.* v. *Dailey*, 8 *Vroom* 526 ; *Pennsylvania Railroad Co.* v. *Page,* 12 *Id.* 183 ; *Trent Tile Co.* v. *The Bank*, 25 *Id.* 599.

A further contention made upon the argument was that inasmuch as the vendor could not be placed *in statu quo,* the vendee could not rescind so as to recover what he had paid. There was, however, strictly speaking, no occasion calling for the doctrine of rescission ; the vendor simply refused to accept as any part of his contract an article that failed to comply with the description upon which he bought it. It is settled law that when an article delivered does not conform to the description by which it was sold the vendee is not bound to accept and sue for damages, but may refuse to accept, and sue for whatever of the purchase price he has paid. *Wolcott* v. *Mount*, 7 *Vroom* 262, 266 ; *Benj. Sales,* § 600.

Finally, the plaintiff in error argued that the assets of the Ohio receivership cannot be reached in the courts of this state by a general creditor of the corporation not a citizen of New Jersey, and that the payment of this judgment by the process of garnishment will be a fraud upon the other creditors of the insolvent corporation. These contentions assume that the writ of attachment is in some wise before us upon the review of the legal propriety of this judgment, and that the nature of the return made to the writ and the effect of a judgment thereupon is within the knowledge and control of an appellate court of law. This is not the case. On the contrary, the defendant in attachment having appeared to the action, the writ is not here for any purpose. As process it served its function, and the cause thereafter proceeds at law without the slightest reference to the mode of its institution. The record presents simply the case of a judgment obtained upon verdict against a defendant who appeared and questioned at the trial so much of the procedure as he deemed to be in conflict with his legal rights. Despite, therefore, the erroneousness with which this phase of the case was urged, it is futile to follow

the proposition, based, as it is, upon the notion that this judgment can be illegalized by reason of the receiver's interest in the subject-matter of the process by which he was brought into court.

The remaining assignments of error raise no questions not covered by the foregoing considerations, and as none of them disclose any legal error in the proceedings sent up with this writ of error, the judgment of the Circuit Court should be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, MAGIE, BOGERT, BROWN, KRUEGER, SMITH, TALMAN. 13.

*For reversal*—None.