THE CONSOLIDATED TRACTION COMPANY, PLAINTIFF IN ERROR, v. EDITH BEHR, DEFENDANT IN ERROR.

The plaintiff, a girl of nineteen, was sleeping at night upon a bed made of boards and blankets upon a market wagon driven along a public highway by her father, who walked by the side of his horse.  While crossing the tracks of a street railway, a nut came off one of the axles, to seek which the father left the wagon standing with a rear corner projecting over the rail of the car track.  An electric car, coming from the opposite direction, struck this corner and knocked the wagon some distance, throwing plaintiff to the ground.  *Held*—

1. That the question whether the motorman exercised reasonable care to foresee and avoid the collision, was properly left to the jury.

2. That the question whether the plaintiff's being asleep was, *per se*, negligence that contributed to her injury, was not raised when no request to that end was made at the trial, and no exception taken to the submission of the question to the jury in the charge of the trial court.

3. That a plaintiff in error will not be permitted to raise in this court a point not taken at the trial of the cause.

4. That all requests that sought to impute to the plaintiff the negligence of her father in his management of his team, were properly refused.

5. That a request to the court to charge "that the plaintiff, in order to recover, must establish affirmatively that she was guilty of no negligence that contributed to the injury," was properly denied.

6. That a request to charge "that the plaintiff must take the same precaution, in crossing the tracks of the street railway before driving upon the track, as is required of pedestrians," was properly refused.

7. That a request to charge that plaintiff was guilty of contributory negligence if she failed to look or listen before driving on the track of the street railway, was rightly refused.

8. That while it is error in a trial judge to refuse to charge what the law is upon the points at issue, when so requested, he is not required to charge what the law would be upon an assumption that certain specified facts constituted the whole case.

On error to the Union Circuit Court.

Edith Behr, a girl of nineteen, accompanied her father to market on the night of September 9th, 1895.  Behr left his farm at eleven o'clock with two wagons loaded with market-

ing; the one in advance, in charge of Behr's son and two hired men, was followed by the one upon which the plaintiff rode, which was in charge of Behr himself. In this order the teams traversed the public road leading from Elizabeth to Newark, Behr walking by the side of his team and the plaintiff sleeping upon the wagon. This wagon and the extemporized bed upon which the plaintiff slept are described in the testimony. The box of the wagon was "not very wide, but on top there was a railing such that a peach basket fitted into it, and this made the top about three or four feet wider." The bed was made of boards laid over the baskets upon which blankets were placed when they were taken off the horses. This was done that the girl might be rested when the market was reached. The highway was used by defendant company with its tracks. At a point about opposite to Trowbridge's hotel the "knocking of a wheel" apprised Behr that a nut had dropped from one of the axles, to find which he went back, first calling to his son to stop. As Behr's wagon stood the hind part of it was over the car track. "I thought to cross that track," was Behr's testimony, "but couldn't cross because I see that the wheel falls down on one side." Behr found the nut and was returning to his wagon, when a car, coming toward the teams, escaped the first but collided with the second wagon, knocking it three or four feet off the track. By this collision the plaintiff, while still asleep, was thrown to the ground and suffered injury, for which she recovered upon the verdict of a jury.

For the plaintiff in error, *Joseph Coult.*

For the defendant in error, *Samuel Kalisch.*

The opinion of the court was delivered by

GARRISON, J. The question of contributory negligence was submitted to the jury by the trial court, in these words: "The only question is, does the evidence satisfy you that the plaintiff was herself negligent? The evidence is that the

plaintiff, shortly after leaving her house, made use of a bed, to use that term, which had been provided for her on top of this wagon, and there remained sleeping until the happening of the accident. Any act aside from that showing negligence on the part of the plaintiff, I cannot recall. Was that a negligent act? The father had charge of the horse, was walking, driving the animal. Is there any evidence of negligence in that fact? If there is, if you find that the fact that the plaintiff went to sleep upon a wagon being driven along the public highway, with her father walking on the ground, having charge of the animals, and her brother and another man being immediately in advance, if the evidence satisfies you that that was negligence on the part of the plaintiff, then undoubtedly it was an act contributing to the happening of this injury, and the plaintiff would not be entitled to your verdict. But unless you are so satisfied under all the circumstances of the case, there would be nothing in that to disqualify the plaintiff from recovery."

No exception to the charge was taken, nor was the trial court at any time asked to make any ruling with respect to the negligence of the plaintiff in going to sleep. In fact, the case is barren of any mention whatsoever of the circumstance that the plaintiff was asleep excepting as it appears in the language of the charge above given, where it was permitted to go unchallenged to the jury.

It is now argued that the plaintiff should have been nonsuited because she was asleep, or that a verdict upon that ground should have been directed for the defendant.

That a plaintiff in error will not be permitted to raise in this court a point not taken at the trial is too well established to warrant an extended citation of authorities. *Meader* v. *Cornell,* 29 *Vroom* 375; *Potts* v. *Evans, Id.* 384.

The course pursued at the trial makes it quite clear that early in the case the defence was placed upon the ground of the imputability to the plaintiff of the negligence of her father, and later was rested upon the contention that the plaintiff was, in legal contemplation, the driver of the vehicle.

Thus, the motion to nonsuit, apart from the claim that the defendant was not negligent, was put solely upon the ground that the father's conduct contributed to the collision, while at the close of the testimony no ground at all was assigned for the direction of a verdict.

Twenty-five requests to charge were handed to the court, but in none of them is the remotest reference made to the fact that the plaintiff was asleep. In fine, the matter was never alluded to during the entire trial.

The court was asked to charge that if the plaintiff was negligent and drove out from behind a wagon directly upon the track of an approaching car, and so close to it as to make a collision imminent, she could not recover; also, that if she drove upon the tracks of the defendant and attempted to drive across the tracks directly in front of an approaching car, she was guilty of contributory negligence; also, that if the plaintiff, in driving upon the track where the collision occurred, did not first glance in the direction from which she might expect a car, she cannot recover; also, that she must affirmatively establish that she was guilty of no negligence that contributed to the injury.

These requests were all properly denied, first, because they rested upon the false assumption that the plaintiff was the driver, and second, because the trial judge was not required to charge what the law would be if certain isolated facts constituted the entire case. *Fath* v. *Thompson*, 29 *Vroom* 180.

Upon the points at issue the charge was direct and not excepted to by the defendant.

A further request to charge was in these words: "The court is further requested to charge that the plaintiff must take the same precaution in crossing the tracks of the street railway, before driving upon the track, as is required of pedestrians."

The doctrine embodied in this request is clearly erroneous, for a vehicle that is crossing the tracks of a street railway, in front of an approaching car, has a temporary right of way that alters, for the time being, the relative duties of the two

users of the highway and gives rise to rules of conduct differing from those that exist between a pedestrian and an approaching car.

The remaining request is as follows : " The court is further requested to charge that if the plaintiff failed to look or listen before attempting to cross or drive upon the track of the street railway, and if she had taken that precaution she would have prevented the collision, the plaintiff is guilty of contributory negligence and cannot recover."

Inasmuch as the plaintiff neither attempted to cross or to drive upon the track at all, since she was not the driver and was not even seated beside him, this request does not appear to have any pertinence to the case. If pertinent, the instruction was clearly erroneous, for the reason that one who is being carried as the plaintiff was is not charged, irrespective of circumstances, with the absolute duty to look and listen. Whether this plaintiff was negligent in not looking and listening, under the circumstances of the case, was left to the jury.

Finding no error in the conduct of the trial judge, the judgment of the Circuit Court is affirmed.

*For affirmance*—DIXON, GARRISON, MAGIE, BARKALOW, BOGERT, DAYTON, HENDRICKSON. 7.

*For reversal*—THE CHANCELLOR, GUMMERE, VAN SYCKEL, NIXON. 4.