## CHRISTIAN R. WOLTERS v. FIDELITY TRUST COMPANY.

Argued February 27, 1900—Decided June 11, 1900.

1. Interrogatories presented under section 155 of the Practice act should relate to the case of the party presenting them, and not be used for the mere purpose of prying into the case of his adversary.

2. Interrogatories under that section cannot lawfully demand from a corporate opponent inspection or copy of books, papers or documents in the possession or under the control of the corporation; but patent and unmistakable facts to be gathered from such writings, as for example the date and amount of a draft, may legally be demanded under that section.

3. Interrogatories under that section, presented to a corporate adversary, should not ordinarily extend beyond corporate transactions— transactions which must have been conducted by some corporate agent on behalf of the corporation, and of which, therefore, the agent must have original, not simply derivative, knowledge.

---

On *certiorari*. On motion to strike out interrogatories.

Before Justices DIXON, LUDLOW and COLLINS.

For the plaintiff, *Oscar Keen* and *Richard V. Lindabury*.

For the defendant, *Thomas N. McCarter* and *Thomas N. McCarter, Jr.*

The opinion of the court was delivered by

DIXON, J. This suit is based upon an alleged contract, by which the plaintiff sold to the defendant certain shares of stock in the Newark Gas Company, and the defendant paid therefor $155 a share, and agreed that, in case any other shares of stock in that company should be purchased by or on behalf of the defendant at a higher price than that paid to the plaintiff, then the defendant would pay to plaintiff such sum of money as would represent the difference. The declaration sets forth three purchases of stock in said company, by or

on behalf of the defendant, at prices higher than $155 a share, viz., one from C. Z., another from D. D. F., and the third from W. G.

After the cause was at issue by a denial of the alleged contract and purchases, the plaintiff served on the defendant certain interrogatories to be answered, several of which the defendant now moves to strike out for reasons stated in the notice of the motion.

The statute under which these interrogatories were presented is section 155 of the Practice act (*Gen. Stat., p. 2592*), as follows: "After an action at law heretofore or hereafter commenced is at issue, either party may serve upon the opposite party, whether such party be a natural person or a body corporate, written interrogatories upon any matter material to the issue, and the same shall be answered in writing under oath, and the answer served upon the party proposing the interrogatories in fifteen days after their service, and the answer shall be strictly responsive to the interrogatories proposed, and, in the case of a body corporate, it shall be under the oath of such of the officers, agents or employes of the corporation as have personal knowledge of the facts or custody of the books, records or papers of the corporation, a discovery of which is sought; and the court may, by an attachment for contempt, a suppression of the defence, a stay of the proceedings, or otherwise, compel an answer thereto, and such answer shall be evidence in the action if offered as such by the party proposing the interrogatories, but not otherwise."

In construing these provisions, section 157 of the Practice act (*Gen. Stat., p. 2559*) must also be borne in mind; it reads as follows: "The court, other than the Court for the Trial of Small Causes, before which a civil action or proceeding, whether of a legal or equitable nature, is pending, or a judge thereof, in term time or vacation, may, in their discretion and upon five days' notice of the application, order either party to give to the other, within a specified time and under such terms as may be imposed, an inspection and copy, or permission to take a copy, of any books, papers or documents in his possession or under his control, containing evidence relating

to the merits of the action or proceeding, or of the defence thereto, and if compliance with the order be refused, such books, papers or documents shall not be given in evidence in such action or proceeding, and the court may punish the party so refusing as for a contempt of the court."

In *Condict* v. *Wood,* 1 *Dutcher* 319, this court declared the general purpose of section 157 to be substantially the same as that attained by a bill in Chancery for discovery, and to be limited to such writings as relate to the case of the party desiring inspection. I doubt whether so strict a construction of this enactment is wise, for evidently its provisions might subserve a just and useful purpose where there were documents relating wholly to the case of the adverse party, the authenticity or interpretation of which would be the subject of controversy at the trial. But with more reason, I think, did the Court of Queen's Bench, in *Whateley* v. *Crowter,* 5 *El. & B.* 709, hold that a statute, permitting interrogatories to be served on the adverse party, should be confined to the scope of an ordinary bill for discovery, the object of both proceedings being to charge the conscience of the adversary under oath. It seems reasonable, therefore, to confine section 155 to such matters as relate to the case of the party presenting the interrogatories, and not to permit it to be used for the mere purpose of prying into the case of his opponent.

The rights of litigants under these two sections of our statutes are placed upon different footings. Under section 157 an appeal to judicial discretion must be made before access to documents can be demanded, but under section 155 no such appeal is necessary. It is therefore important that the right under each section should be kept distinct from that under the other; and yet there is a clause in section 155 which appears to be capable of trenching on the provisions of section 157. I refer to the clause directing that, in case interrogatories are submitted to a body corporate, they shall be answered under the oath of such of the officers, agents or employes of the corporation as have personal knowledge of the facts or *custody of the books, records or papers of said corporation, a discovery of which is sought.* This seems to

imply that discovery of corporate books, records and papers may be sought under section 155. On the other hand, the express design of section 157 is to enable a party to obtain, through a judicial order, "inspection and copy, or permission to take a copy, of any books, papers or documents" in possession or under control of his adversary. In order that these provisions may not clash, section 155 must be limited so as not to cover inspection or copies of writings. Interrogatories may be framed to ascertain whether there are, in the possession or control of the corporation or its agents, any documents of which it may be proper for the party to have inspection or a copy under section 157, and the answers given may be used to support an application under that section.

The clause just referred to, requiring interrogatories submitted to a corporation to be answered on the oath of corporate officers, agents or employes, must also be construed with some strictness, in order that this provision may harmonize with the subsequent clause entitling the party proposing the interrogatories to offer the answers as evidence in the action. No interrogatory should be presented to a corporation, unless the answer thereto of a corporate officer, agent or employe might reasonably be deemed legitimate evidence against the corporation at the trial of the cause. To this end, interrogatories as to facts should not ordinarily extend beyond corporate transactions—transactions which must have been conducted by some corporate agent on behalf of the corporation, and of which, therefore, the agent must have original, not derivative, knowledge. To that extent, the sworn answer of the agent, delivered to the inquirer by the corporation, may justly be treated as an admission of the corporation.

Under the guidance of these observations, we think the second, eleventh and nineteenth, and the second branch of the twenty-fifth interrogatory, should be struck out, because they do not relate to transactions of the corporate defendant; the ninth interrogatory should be struck out, because not pertinent to the issue presented by the pleadings, as it relates to agreements with other persons than those named in the declaration; and the seventh, seventeenth and twenty-fourth

interrogatories should be amended so as not to require copies of the writings therein referred to. Although the fourth, twelfth, fourteenth and twenty-first interrogatories call for information which must be gathered from writings, yet the matters are so patent and unmistakable, being, for example, the date and amount of a draft, the number of shares represented by a certificate of stock, that we think they may properly be demanded under section 155. Whether such answers would be receivable as primary evidence or only as secondary evidence at the trial, is a question not now arising. The eighth interrogatory is lawful, as it may cover the purchase of the stock of the persons named in the declaration.

Let an order be entered in conformity with this opinion. The costs of the motion should abide the result of the suit.

For the same reasons the same order may be entered in the case of Frederick R. Wolters *v.* Fidelity Trust Co.