JOHN M. WATKINS v. JOHN PURDY COPE.

Submitted February Term, 1913—Decided April 1, 1913.

1. Interrogatories under section 140 of the Practice act of 1903 (*Pamph. L., p.* 575) should relate to the case of the party presenting them and should not be used for the mere purpose of prying into that of his adversary.
2. They should also be directed to some matter material to the issue.
3. They should be of such character that with responsive answer thereto they will constitute relevant and competent evidence for the party propounding them.
4. Interrogatories intended merely to obtain the names of witnesses are improper.
5. Interrogatories should not be made to perform the functions of a demand for particulars.
6. The right to have particulars of the other party's case is not limited by the statute, but exists at common law and in every action at law where justice requires that a party should be apprised more fully than by the pleadings of the case what he is to be called on to meet at the trial.
7. Where a defence must be specially pleaded to be given in evidence and is not so pleaded, interrogatories intended to support that defence cannot be sustained.
8. The defence of an innkeeper in an action for refusing to entertain plaintiff at his inn, that plaintiff was an unfit person to be admitted to said inn, is a defence which under rule 40 appended to the Practice act of 1912 must be specially pleaded.

On motion to strike out interrogatories propounded by defendant under section 140 of the Practice act of 1903. The pleadings are framed under the Practice act of 1912. The complaint is in two counts—*first,* that defendant being an innkeeper at Delaware Water Gap, Pennsylvania, on July 19th, 1911, refused to lodge plaintiff for the night and compelled him to travel a long distance to secure lodging and accommodation elsewhere (*2 Chit. Pl.* (11*th Am. ed.*) *668) ; *second,* for slander in calling plaintiff a suspicious person, &c., and that the words were used in a defamatory sense, *i. e.,* that plaintiff was guilty of larceny. *Practice act* 1903, § 106. The answer sets up nine distinct defences, several of which relate to matters of law, one is a general denial, and one a specific

denial that defendant at the time and place specified kept an inn.

The interrogatories follow:

1. Please state exactly the present address of plaintiff, and how long he has lived there?

2. Where was plaintiff's home on the 19th day of July, 1911, and how long had he been living at that address and where did he live previous to that time?

3. In what business was plaintiff engaged in the month of July, 1911, and how long had he been engaged in that business and where?

4. When did plaintiff first visit the Delaware Water Gap, Pennsylvania, in 1911, and at what house did he locate and how long did he remain there?

5. For what purpose did plaintiff visit defendant's house at the Delaware Water Gap, Pennsylvania, in July, 1911, and was that visit made in the interest of any person or persons? If so, state the name and address of each?

6. Did plaintiff ever visit defendant's home at the Delaware Water Gap, Pennsylvania, before July, 1911? Did he ever visit any other house at the Delaware Water Gap aforesaid, before that month; if so, state what house and when?

7. Did plaintiff know any person or persons located at defendant's house at said Delaware Water Gap, in July, 1911, and if so, please state their names and present addresses and state how long he had previously known them?

8. Did plaintiff know any person or persons boarding at any of the other houses in said Delaware Water Gap, or living at any of the other houses there, in the month of July, 1911; if so, please state their names and addresses, and state how long plaintiff had previously known them?

9. Is plaintiff a married man, and if so, how long has he been married and was his wife living on the 19th day of July, 1911? If living, where was she?

10. At what time of the day or night of July 19th, 1911, did plaintiff finally leave defendant's house in said Delaware Water Gap, and locate at another house and please state the name and location of the latter house?

11. In what sort of a conveyance did plaintiff travel from defendant's house to the house referred to in the last above mentioned interrogatory, and who owned that conveyance and at what point did plaintiff enter it?

12. What person or persons, if any, refused to grant credit to the plaintiff, by reason of the alleged use of the so-called scandalous and defamatory words set forth in the declaration in this cause, and where does, or do, such person or persons reside?

13. By what persons does plaintiff and his attorneys intend to prove on the trial of this cause, that defendant published or spoke the alleged words mentioned in the complaint? State the names and addresses of each?

14. What persons does plaintiff and his attorneys intend to prove on the trial of this cause, heard said words spoken by defendant at the time mentioned in the complaint, and by whom will that be proven? State the name and present address of each, in each instance?

15. State the name and address of each person who has suspected and believed plaintiff guilty of eaves-dropping and larceny, as complained of in bill of complaint and by what persons does plaintiff and his attorneys intend to prove such belief and suspicion at the time of the trial of this cause and state the name and address of each of said persons?

16. What person or persons refused and still refuse to have any transaction or acquaintance or discussion with the said plaintiff, because of the alleged use of said words complained of and where does, or do, such person or persons reside?

Before Justice PARKER, at chambers.

For the plaintiff, *Bilder & Bilder.*

For the defendant, *S. Cameron Hinkle.*

PARKER, J. The interrogatories appear to fall into four classes:

1. Those directed to plaintiff's place of residence now and in the past, his business, and family relations.   (Nos. 1, 2, 3 and 9.)

2. Circumstances leading up to the alleged exclusion from the inn, plaintiff's arrival at Water Gap, why he went there, his previous visits and acquaintance there.   (Nos. 4, 5, 6, 7 and 8.)

3. Details of plaintiff's damage by reason of the alleged exclusion, the time of leaving defendant's house, whither he went, what conveyance he used, and (as a result of the alleged slander) what persons heard the words charged to have been spoken, and what persons refused to associate with or give credit to plaintiff as a result of said words.   (Nos. 3, 10, 11, 12, 14, 15 and 16.)

4. Names and addresses of witnesses that plaintiff will call to prove the slanderous words.   (Nos. 13, 14 and 15.)

In dealing with a practice motion relating to interrogatories under section 140 I deem the following rules to be well settled:

1. The interrogatories should relate to the case of the party presenting them, and should not be used for the mere purpose of prying into the case of his adversary.   *Wolters* v. *Fidelity Trust Co.,* 36 *Vroom* 130;   *Pom. Eq. Jur.* (1st ed.), § 201; though the party may compel discovery of facts material to his own cause of action, even though the defendant's evidence be incidentally disclosed.   *Ibid.*   So as to the names of employes operating defendant's trolley car on which plaintiff was injured;   *Dodd* v. *Public Service Corporation,* 29 *N. J. L. J.* 22;   or defendant may ask for facts showing plaintiff's contributory negligence.   *Cohen* v. *North Jersey Street Railway Co., Id.* 298;   that being a defence in this state, and plaintiff not being required to negative it in the *prima facie* proof.   *New Jersey Express Co.* v. *Nichols,* 4 *Vroom* 434; *Durant* v. *Palmer,* 5 *Dutcher* 544;   *Consolidated Traction Co.* v. *Behr,* 30 *Vroom* 477.   Defendant is now required to plead it.   Rule 40 appended to Practice act of 1912.

2. An interrogatory must be directed to some matter material to the issue.   *Practice act* 1903 (*Pamph. L., p.* 595), § 140.

3. It should be of such character that with a responsive answer it would be relevant and competent evidence for the party propounding it; for this is the manifest purpose of the statute. *Practice act,* § 140; *Dodd* v. *Public Service Corporation, supra.*

4. The same case also holds, and I think correctly, that an interrogatory intended merely to obtain the names of witnesses, especially witnesses whom the other party expects to call, is bad. See, also, *Pomeroy, ubi supra.*

5. I am clear also that it was never intended by this section of the Practice act to permit interrogatories to be used as a demand for particulars of the other party's case. It is true that section 102 of the Practice act of 1903 provides only for a demand of particulars in contract cases; but I do not understand that this in any way abrogated the common law practice of directing a bill of particulars to be furnished by either party in a proper case, whether of contract or tort. Section 102 was repealed by the act of 1912, but rule 18 appended to the latter act says that "bills of particulars may be ordered as heretofore." The rule at common law was well settled that in a proper case particulars would be ordered in all classes of legal actions. 2 *Arch. Prac.* (7th ed.) 1030; *Tilton* v. *Beecher,* 59 *N. Y.* 176, 184 (action of crim. con.); *Dwight* v. *Insurance Cos.,* 84 *Id.* 493 (particulars of alleged breaches of warranty set up by defendant); *Cunard* v. *Francklyn,* 111 *Id.* 511 (particulars of defence in action for conversion); *Com.* v. *Snelling,* 15 *Pick.* 321, 331 (particulars in criminal case); *Taylor* v. *Harris,* 4 *B. & A.* 93 (particulars of plea in abatement). For particulars in libel and slander cases, see *Odg. Lib. & S.* *533; *Towns. Sl. & L.,* § 273; *Newell Lib. & S.* (2d ed.) 745. The rule as broadly laid down in the famous case of *Tilton* v. *Beecher, ubi supra,* with abundant citation of authority, is that "a bill of particulars is appropriate in all descriptions of actions where the circumstances are such that justice demands that a party should be apprised of the matters for which he is to be put for trial with greater particularity than is required by the rules of the pleading." An examination

of the above authorities and other authorities cited therein will show that information of the character called for by the interrogatories of class 3 has habitually been obtained by a demand for particulars. The rule was laid down some years ago by Mr. Justice Garrison, *obiter,* in *Heppard* v. *Carr & Smith,* 12 *N. J. L. J.* 186, 187. The right to get the desired particulars of the adversary's case being already enforceable by a demand for them and, if necessary, by an order of court, it is plain that the use of interrogatories to draw them out is improper. I have gone at some length into this matter because the practice does not seem to be so well understood as it should be, and because attempts are so frequently made to obtain these particulars by interrogatories, as in the present case.

Turning to the motion before me, it results that of the interrogatories in class 3, numbers 10, 11, 12 and 16 are incompetent as mere demands for particulars and must be struck out. Numbers 3, 14 and 15 are also classified elsewhere and must be further treated. But as demands for particulars they are incompetent.

Numbers 14 and 15 fall with No. 13 into class 4, embracing demands for names and addresses of intended witnesses. For reasons already stated these are incompetent so these three interrogatories are stricken out.

The propriety of the first and second classes depends on the character of the defence to be offered. If defendant intends to justify on either count or on both, I think he is entitled to go into plaintiff's *status* and past history and his business in coming to the Water Gap. For example, he would be entitled by way of justification to show if he could that plaintiff was a card sharper, or a hotel thief, or was intoxicated, or engaged in some unlawful or immoral occupation that rendered him unfit to stay among respectable people at a respectable hotel and perhaps that on account of his dissolute habits and unusual business his wife refused to live with him. Interrogatories 1 to 9 are all relevant on these points if the defendant is entitled on the record to set up this defence. But I think he is not. It is elementary that justification must be specially pleaded in slander; and I think

it should also be pleaded to the first count. This was the course of pleading in *Shubert* v. *Nixon Am. Co.,* 54 *Vroom* 101, a somewhat similar case though based on ejection from a theatre, whose proprietor was under no legal obligation to admit patrons. Whatever may have been the rule at common law (see 1 *Chit. Pl.* 527; *contra,* form of justification for ejecting plaintiff from an inn because he made a disturbance, 3 *Id.* 1074), rule 40 subjoined to the new Practice act provides (*Pamph. L.* 1912, *p.* 391, 392) that the answer "must specially state any defence which, if not stated, would be likely to cause surprise, or would raise issues not arising out of the complaint."

I consider that both the defence of justification in slander and of unfitness to be entertained at an inn, are defences contemplated by the rule and so not maintainable unless specially set up in the answer. Neither is pleaded. Hence interrogatories Nos. 1 to 9 being relevant only to one or the other character of defence, must be struck out on the present record, No. 3 being incompetent also under class 3.

A rule may be entered in accordance with these views.