CATHERINE BARTHELMESS, RESPONDENT, v. LIBERALE BERGAMO ET AL., APPELLANTS.

Submitted October 29, 1926—Decided January 31, 1927.

Where the tenant accepted and occupied the premises as she found them, devoid of the very protectory essentials of which she complained, presenting a deficiency in construction as conspicuous and apparent to her as it was to the landlord, and with this knowledge chose to occupy and use the premises, a legal status of knowledge and consent tantamount to estoppel *in pais* was created, which operated as an insuperable barrier to the recovery of damages alleged to have been caused by such deficiency.

---

On appeal from the Bergen County Circuit Court.

For the respondent, *Ely & Ely*.

For the appellants, *Luce & Kipp*.

The opinion of the court was delivered by

MINTURN, J.   While in the act of manipulating a clothes line, upon the roof of an annex to the main building, the

second floor of which she occupied as a tenant, the plaintiff presumably from the superimposed weight of the clothes upon the line, or for some other reason not distinctly in evidence, was drawn or fell from the roof, and received the resulting injuries, for which the jury compensated her by a verdict in her favor. From the judgment entered thereon this appeal was taken by the defendant, upon the fundamental contention that no liability upon the part of the defendant could be predicated, since the relation of landlord and tenant which concededly existed, imposed no implied duty of furnishing to the plaintiff any rail or other protecting structure, as a safeguard against obvious possible dangers in the use of the shed.

The relation of landlord and tenant, at common law, in the absence of a continuing nuisance, or of an express contract, imposed the duty of repairing the demised premises upon the tenant. *Naumberg* v. *Young*, 44 *N. J. L.* 331; *Heintze* v. *Bentley*, 34 *N. J. Eq.* 562; 16 *R. C. L.* 585, and cases.

The sole departure from this fundamental rule, except where the *locus in quo* was in essence a nuisance, has been necessitated by the construction of tenement or apartment houses, intended for the habitation of many tenants, in which situation differing entirely from any comprehended by the rural conditions of habitation at the common law, the courts have found it necessary to recognize the novel housing requisites incident to modern life, by treating hallways and stairs as common ways or appurtenances, kept and maintained by the landlord, for the purpose of affording reasonable entrances and exits to and from the demised premises, and for a failure to reasonably maintain which in the event of damage to occupants and others lawfully using the premises, the landlord has, by the general trend of authority, been made liable. *Gillvon* v. *Reilly*, 50 *N. J. L.* 26; *Siggins* v. *McGill*, 72 *Id.* 263.

To this recognized exception there has been superadded an additional liability where the landlord creates the status personally, by voluntarily assuming the performance of a task, upon the demised premises, which he negligently effectuates.

Invoking the doctrine enunciated by Lord Holt in *Coggs* v. *Bernard,* 2 *L. Ray.* 909, in determining the liability incident to the negligence of a gratuitous bailee, this court, affirming the Supreme Court, held the landlord liable for the damage resulting from the negligent performance of his gratuitous work. *La Brasca* v. *Hinchman,* 81 *N. J. L.* 367; *Charney* v. *Cohen,* 94 *Id.* 381.

Otherwise the fundamental rule which exempts the landlord from liability in such relationship remains undisturbed.

The case *sub judice* manifestly is not brought within either of the recognized exceptions to the established rule; for here the tenant accepted and occupied the premises as she found them, devoid of the very protecting essentials of which she complains, presenting a deficiency in construction as conspicuous and apparent to her as it was to the landlord. With this knowledge she chose to occupy and use the premises, and necessarily to assume the inconveniences and disadvantages incident to such use, conjoined with the risks obviously attendant thereon, thus creating a legal status of knowledge and consent tantamount to estoppel *in pais,* which must be held to operate as an insuperable barrier to recovery. *Mullen* v. *Rainear,* 45 *N. J. L.* 520; *Naumberg* v. *Young, supra; Vorrath* v. *Burke,* 63 *Id.* 188; *Saunders* v. *Smith Realty Co.,* 84 *Id.* 276.

The result is that the judgment must be reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Trenchard, Minturn, Kalisch, Black, Katzenbach, Campbell, Lloyd, Van Buskirk, McGlennon, Kays, Hetfield, Dear, JJ. 14.