ANNA MAY HOPPER, BY NEXT FRIEND, FRANK HOPPER, JR., AND CECELIA HOPPER, HIS WIFE, APPELLANTS, v. HAROLD E. GILLET, RESPONDENT.

Submitted May 26, 1928—Decided October 15, 1928.

For the appellants, Jacob L. Bernstein.

For the respondent, Edward M. and Runyon Colie.

The opinion of the court was delivered by

KALISCH, J. This is an appeal from an interlocutory order of the Supreme Court made by it in an action pending therein, directing the plaintiffs to furnish the defendant in said action further particulars to those already furnished in answer to a demand by the defendant for a bill of particulars.

An interlocutory order made in an action at law is not reviewable until after final judgment. Section 1 of an act

entitled "An act respecting writs of error" (2 *Comp. Stat. p.* 2207) provides: "That a writ of error shall not be granted or issued in any case until final judgment be rendered."

By the new Practice act of 1912, "an appeal" was substituted for a "writ of error," but this in nowise effected a change in the provision that an appeal must be predicated upon a final judgment.

The sense of the term "final judgment" was fully considered and discussed in *Eames* v. *Stiles,* 31 *N. J. L.* 490, where (at *p.* 494) Chief Justice Beasley, in commenting upon what was meant by the term "final judgment," as known to the common law, and as used in our constitution and our statute, says: "The only requisites are that the decision of the inferior court is final, and not proceeded from a matter resting in discretion. It is to be understood, however, that the term final is here used in the sense of the common law rule applicable to writs of error. The decision must have settled definitively in the suit or proceeding the rights of the parties. The rule as established appears simply to have removed the requisite of the coincidence of the proceedings with the course of the common law; the other tests of the common law still obtain. What are matters of discretion and what is a final decision are still to be decided by reference to the ancient system and the principles established in the decisions of the court."

In *Defiance Fruit Co.* v. *Fox,* 76 *N. J. L.* 482, Chancellor Pitney, speaking for this court (at *p.* 486) concerning the function of a writ of error, said: "But in this state, and notably in this court, from an early period this limitation of the common law writ of error has been to some extent departed from in favor of a more liberal review, and by a long line of cases it has become, with us, established law that the writ of error is not confined to the review of proceedings in the course of the common law, but extends to decisions rendered in the exercise of the equitable powers of the court of law or in the course of its statutory or summary jurisdiction, provided they result in a final disposition of the matter and have not rested in the discretion of the court."

The same thought is expressed in *Knight* v. *Cape May Sand Co.,* 83 *N. J. L.* 597. The record in the instant case does not show a final disposition of the subject-matter in dispute between the litigants. The order made was merely a step in the cause, requiring the plaintiff to furnish a further bill of particulars. If the court erred an exception is the proper course to be taken to its ruling by the party claiming to be injured, and by making such alleged error a ground of appeal after the subject-matter of the action has been finally determined. Unless this be so the intermediate processes which arise in an action at law from its inception to its close would be subject to be converted into impediments to speedy trials by innumerable appeals, and thus lead to interminable and vexatious delays and miscarriages of justice.

The wisdom of the common law rule is conspicuously exemplified in the case of Stiles *v.* Eames, and the cases following and adopting the doctrine there enunciated, and which cases are above cited, that no writ of error would lie until the subject-matter of the litigation was finally settled. This doctrine was early incorporated in our judicial system, both by constitutional declaration and legislative enactment.

The appeal is dismissed, with costs.