The bill of complaint herein alleges that by an inquisition of lunacy dated December 28th, 1927, filed in the office of the clerk of the court on January 3d 1928, in a cause entitled — "In the matter of Patrick R. Griffin of the city of Hoboken, in the county of Hudson and State of New Jersey, alleged to be a lunatic," it was found that said Griffin was a lunatic and of unsound mind, so that he was not capable of governing himself, his lands and tenements, goods and chattels, and that he had been in the same state of lunacy for the space of one year then last past and upwards; that by a final decree of the chancellor of the State of New Jersey, dated February 16th, 1928, said findings, and all the proceedings in said cause, were in all things confirmed; that sometime during the early part of the year 1927, said Griffin delivered to the defendant herein $25,000 in cash or securities; that at the time of such delivery said Griffin was a lunatic and of unsound mind and not capable of understanding the nature and quality of his acts; that the defendant at that time was, and still is, a physician, who had known said Griffin for a great many years, of whom he was a close associate, whom he had treated professionally at times, and knew his mental condition to be unsound; that by the receipt and acceptance of such cash or securities under the circumstances mentioned the defendant became a trustee of the same for said Griffin; that the defendant has never returned said cash or securities nor accounted for same although a return thereof and an accounting therefor was demanded. The bill prays that the defendant be decreed to make a full and true discovery and disclosure of the moneys and securities received by him from said Griffin from October 1st, 1926, to October 17th, 1927, and particularly moneys or securities to the amount of $25,000 received by him during said period, and that the defendant be adjudged and decreed a trustee as to such moneys or securities *Page 249 
received by him during said period, and that he be required to account for the profits derived by him from such moneys or securities, and that he be decreed to pay to said Griffin, or to his guardians, all of such profits, together with the cash and securities aforesaid. The defendant by his (amended) answer admits that he received from said Patrick R. Griffin the sum of $25,000 in securities, but avers that such was received by him in the year 1926 in payment and as compensation for professional services rendered by him as a physician to said Griffin. He admits also that at the time of his receipt of such securities he was, and still is, a physician, that he had known said Griffin for a great many years, was a close associate of his, and had treated him professionally, but denies that he knew said Griffin to be of unsound mental condition, and he avers the fact to be that at the time he received said securities said Griffin was of sound mental condition and possessed sufficient mind to understand the nature and the effect of said transaction. Thirteen interrogatories were submitted to the defendant. He moves to strike same on the ground that they are objectionable for reasons stated in the notice of motion. Interrogatories exhibited by a complainant to a defendant which are intended to reach matters peculiarly within the knowledge of the defendant and material to the issue, will not be struck out. Assets andLiabilities Association v. Esposito, 94 N.J. Eq. 708. The rule of law is well established that a complainant may — and properly so in this court, a court of conscience — require the defendant to disclose under oath facts and circumstances within his knowledge in support of complainant's contention, and such rule is particularly and peculiarly applicable to the case subjudice. The defendant, because of the confidential relationship existing between him as a physician, and said Patrick R. Griffin as his patient, and his years of acquaintance and close association with said Griffin, should welcome the opportunity afforded him by pertinent interrogatories to make full disclosure under oath of the facts and circumstances whereby he received securities in the value of $25,000 from said Griffin who is alleged to have been a lunatic, of unsound mind, and *Page 250 
not capable of understanding the nature and quality of his acts at the time of the delivery of such securities to him, but whether he welcomes such opportunity or not he will be obliged to make such disclosure. A defendant may always be compelled to disclose frauds and fraudulent practices alleged against him when such evidence is material to the complainant's case. 1 Pom. Eq.Jur. (4th ed.) § 202 (at p. 298). It is well established that the chancellor may probe the conscience of a defendant and compel him to make full disclosure of matters within his knowledge in a suit brought against him for relief. 1 Pom. Eq.Jur. (4th ed.) § 192, p. 265. The purpose of interrogatories is to supply a party with information which is within the peculiar knowledge of the other party and which is essential to the preparation of his case for trial. The rule permitting interrogatories having as its object the prevention of surprises at the trial will be liberally construed. In the case subjudice, a suit by guardians in behalf of their ward who is alleged to be a lunatic and of unsound mind and not capable of understanding the nature and quality of his acts, wherein the burden is cast by law upon the complainant to sustain the allegations of the bill of complaint, interrogatories may properly be propounded to the defendant to elicit information as to matters peculiarly within his knowledge, material to the issue. The propounding of interrogatories is authorized by a supplement to the Chancery act of 1902. See P.L. 1915 p. 197
§ 62; also rule 84 of this court. Inasmuch as the issue presented by the pleadings herein relates solely to an item of $25,000 by the complainant alleged to be in cash or securities received by the defendant from Patrick R. Griffin sometime during the earlypart of the year 1927, and by the defendant alleged to be insecurities received by him from said Patrick R. Griffin in theyear 1926, the interrogatories will be confined thereto. I am of the opinion that interrogatories 1, 2, 3, 4, 6, 7, 8, 9 and 10 are proper and should be answered by the defendant, and that interrogatories 5, 11, 12 and 13 are improper and should not be answered by the defendant. I will advise an order accordingly. *Page 251