PASSAIC COUNTY CIRCUIT COURT.

FRED W. NESKE ET AL., PLAINTIFFS, v. HERBERT BURNS ET AL., DEFENDANTS.

MACKAY, J.   This is an action in tort for damages for personal injuries and personal property damage.

Defendant served interrogatories asking plaintiffs the extent of the injuries; the hospital and time he was confined there and at home; the business plaintiff was engaged in and the wages lost; the value of the auto prior to and after the accident.

Defendants must concede that all of the foregoing will have to be proven at the trial of the action if plaintiffs are to succeed in obtaining verdicts in their favor at the trial.

Interrogatories are written questions propounded by one party and served upon the adverse party, who must serve written answers thereto under oath within ten days.  *Comp. Stat., p.* 4097, § 140.

Interrogatories in the courts of law are creatures of statutory law framed on the analogy of bills of discovery in the courts of equity.   18 *C. J.* 1057.

The purpose of interrogatories is to supply a party with information which is within the peculiar knowledge of his adversary and which is essential to the preparation of his case for trial.   The rule permitting interrogatories, having as its object the prevention of surprise at the trial, will be

liberally construed. *Assets, &c., Assn.* v. *Exposito,* 94 *N. J. Eq.* 708.

Further, the purpose of interrogatories is to gain from one's opponent information necessary to build up the case of the party presenting them. *Watkins* v. *Cope,* 86 *Atl. Rep.* 545.

Do defendants desire the answers for building up their case? I think not. Defendants can only succeed by the answers to these questions in limiting plaintiff's proofs, and mitigating the damages.

Interrogatories cannot be made to perform the office of a bill of particulars. *Watkins* v. *Cope, supra.*

Interrogatories should be directed to some matter material to the issue. They should be of such a character that, coupled with responsive answers, they will constitute relevant and competent evidence for the party propounding them. *Watkins* v. *Cope, supra.*

When certain information which is within the peculiar knowledge of the adversary is necessary to help a party in sustaining the burden of proof, the party may request such information through the service of interrogatories. The state of the pleadings determines the relevancy or irrelevancy of the questions asked. Until the pleadings have resulted in the creation of an issue, interrogatories are improper for the reason that the party having the burden of proof has not yet been determined. A few examples will clarify the situation.

"In an action for an injury caused by the negligent operation of defendant's trolley car by his employes, the plaintiff may ask for the names of the employes operating the defendant's trolley car on which the plaintiff was injured; what cars the defendant owns and the numbers of such cars." *Dodd* v. *Public Service Corp.,* 29 *N. J. L. J.* 22.

The burden of sustaining negligence by an employe of the defendant is cast by the pleadings upon the plaintiff. The information desired is within the peculiar knowledge of defendant. The plaintiff is entitled to have the information for the purpose of preparing his case. *Ibid.*

In this connection it should be noted that the relevancy of certain facts to a party's cause of action makes their

discovery through interrogatories proper even though the answer would incidentally disclose the other party's evidence. *Pom. Eq. Jur.* (*1st ed.*), § 201.

In an action for negligent injury, defendant pleaded contributory negligence. The burden was on defendant to prove it, unless plaintiff's case showed contributory negligence on its face. The defendant could ask plaintiff for information within plaintiff's peculiar knowledge to show contributory negligence. *Cohen* v. *North Jersey Street Railway Co.,* 29 *N. J. L. J.* 299.

An example that will show when they are improper is "a complaint based on defendant's refusal to entertain plaintiff at his inn as a person unfit to be admitted as a guest. Defendant met the complaint by a denial. Then he served upon the plaintiff a number of interrogatories seeking information as to plaintiff's status, past history and business in coming into that particular town. The purpose of the questions was to secure evidence justifying plaintiff's expulsion. But in actions for slander, justification is a defense only when pleaded specially. The defendant did not plead justification. Justification was not an affirmative issue under the pleadings to be established by the defendant." The interrogatories were therefore improper. *Watkins* v. *Cope, supra; Harris on Pleading and Practice in New Jersey* 418, 421.

In the present case issue is joined, the burden is on the plaintiff, therefore plaintiff could propound interrogatories within the peculiar knowledge of defendant, and defendants could propound interrogatories to plaintiffs if they charge contributory negligence, for the purpose of assisting them in proving this defense. The evidence which defendant seeks is not for the purpose of sustaining the burden. It is simply for the purpose of confining the production of evidence within the limits of such answers as plaintiff might give in answer to the interrogatories propounded.

I shall recommend that the motion to strike out be granted.