Defendant, pursuant to notice of motion, seeks an order requiring plaintiff to furnish the particulars set forth in its demand which it heretofore served upon plaintiff. *Page 455 
Demands numbers 1, 2, 4 and 5 having been withdrawn by defendant, and numbers 3 and 11 having been dealt with and provided for by a stipulation between the parties, there remains but numbers 6, 7, 8, 9, 10, 12, 13, 14, 15 and 16 for consideration here.
It is now well settled that the function of a bill of particulars is to secure a discovery of an opponent's case with a greater degree of particularity than is disclosed by his pleadings. While it may not be employed as a means of compelling a disclosure of an adversary's evidence, nevertheless a bill of particulars may be used for the purpose of requiring the party to whom it is directed to give information relative to his case not only for the purpose of enabling his opponent to prepare a proper pleading in reply, but also for the purpose of limiting his own proof at the trial, as well as apprising his adversary of what is proposed to be set up, to the end that the latter may properly prepare his defense thereto. Watkins v. Cope, 84 N.J. Law 143;86 Atl. Rep. 545; Hopper v. Gillett, 140 Atl. Rep. 17; 6 N.J.Mis. R. 63; 105 N.J. Law 150; 143 Atl. Rep. 448; Paper andTextile Machinery Co. v. Newlin, 101 N.J. Eq. 115;137 Atl. Rep. 314; Brady v. Hauenstein, 7 N.J. Mis. R. 1081;148 Atl. Rep. 182; Buermann v. Morris, 8 N.J. Mis. R. 811;152 Atl. Rep. 341; Griffin v. Londrigan, 106 N.J. Eq. 247; 150 Atl. Rep. 328;Magie v. Magie, 108 N.J. Eq. 483; 155 Atl. Rep. 613.
When considered in the light of these principles, enunciated, as they are, in the furtherance of the due administration of justice, the particulars sought by:
Demand No. 6, with respect to the dates and manner of the requests, should be furnished, but not those pertaining to the names of the persons through whom complainant made those requests.
Demands Nos. 7, 9, 10 and 12, with respect to the dates and places of the requests and the refusals, as well as with respect to the names of the persons who on behalf of defendant so refused, are all proper, and hence should be furnished.
Demands Nos. 13-14, with respect to the dates on and the places at which the requests were made, should be furnished, but not those pertaining to the names of the persons through *Page 456 
whom complainants made those requests. The demand for copies of writings, is improper.
Demand No. 15, with respect to the dates on and the places at which, as well as with respect to the names of the persons through whom, defendant refused to render the account should be furnished, but complainant should not, by these means, be required to furnish copies of the writings mentioned.
Demands numbers 8 and 16 are both improper, the former because it calls for copies of writings and the latter because it seeks information which, by reason of the here existing circumstances, is equally, if not peculiarly, within defendant's knowledge or information.
An order will be advised in conformity with the conclusions herein expressed.