ATLANTIC COUNTY CIRCUIT COURT.

SADIE BERNSTEIN AND WILLIAM BERNSTEIN, PLAIN-
TIFFS, v. SOPHIA KARR, DEFENDANT.

Decided November 18, 1943.

1

. For the plaintiffs, *Lloyd, Horn & Perskie* (by *Herbert Horn*).

For the defendant, *DeBrier & Shahadi* (by *Harry Miller*).

BURLING, C. C. J.   This is an action *ex delicto* for negligence against a landlord arising from a fall suffered by an invitee of the tenant upon a stairway, leading from an alley to the second floor apartment occupied by the tenant, and located in the back of an apartment house building.

Motion is made by the plaintiffs to strike the defendant's answers to the eighth and ninth. interrogatories which are in effect refusals to answer upon the ground that they are

improper, namely, incompetent, irrelevant and immaterial, and to compel responsive answers thereto. There is hereby expeditiously reached a crux of one of the legal phases of this case. The guide of the landmark, *Watkins* v. *Cope (Supreme Court,* 1913), 84 *N. J. L.* 143 (at *p.* 147); 86 *Atl. Rep.* 545, of the characteristics of interrogatories affirms the fact they should be of such character that with a responsive answer, they would be relevant and competent evidence for the party propounding them and directed to matter material to the issue.

The interrogatories are:

"8. State whether the defendant caused the rear stairway leading to the second floor apartment No. 223 Madison Avenue, Atlantic City, New Jersey, to be repaired after December 16th, 1942.

"9. In the event that the answer to the preceding question is in the affirmative, state when said repairs were made."

The general rule is that where there is an absolute demise of the entire premises without any reservation by the landlord of a right of entry or control, the use and occupancy of the premises are pursuant to an estate vested in the tenant and are exclusive of the landlord. *Pyle* v. *Fidelity-Philadelphia Trust Co. (Circuit Court,* 1940), 18 *N. J. Mis. R.* 54 (at *p.* 57); 10 *Atl. Rep.* (*2d*) 48.

The relation of landlord and tenant at common law, in the absence of a continuing nuisance, or an express contract imposed the duty of repairing the demised premises upon the tenant. *Barthelmess* v. *Bergamo (Court of Errors and Appeals,* 1926), 103 *N. J. L.* 397; 135 *Atl. Rep.* 794; *Schwartz* v. *Federal Deposit, &c. (Court of Errors and Appeals,* 1941), 127 *N. J. L.* 556; 23 *Atl. Rep.* (*2d*) 583.

In the case of *LaFreda* v. *Woodward (Court of Errors and Appeals,* 1940), 125 *N. J. L.* 489 (at *p.* 492); 15 *Atl. Rep.* (*2d*) 798 (at *p.* 800), the general rule is stated thus:

"It is the established general rule in this state that, upon the letting of a house or lands, there is no implied warranty or condition that the premises are fit and suitable for the purpose specified, or for the use to which the lessee proposes to devote them, or indeed for any purpose; and the landlord

is therefore under no liability for injuries sustained by the tenant, or his family, by reason of the ruinous condition of the demised premises, unless there has been fraudulent concealment of a latent defect. The doctrine of covenants implied from the letting 'has been held in great strictness in this state.' "

To this rule there is an exception as defined in the *A. L. I., Restatement of the Law of Torts* 976, § 360, as follows:

"Section 360. Parts of Land retained in Lessor's control which Lessee is entitled to use. A possessor of land, who leases a part thereof and retains in his own possession any other part which the lessee is entitled to use as appurtenant to the part leased to him, is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee or a sub-lessee for bodily harm caused to them by a dangerous condition upon that part of the land retained in the lessor's control, if the lessor by the exercise of reasonable care could have discovered the condition and the unreasonable risk involved therein and could have made the condition safe."

It is the application of these general rules to the pleadings that provides the controversy.

The gravamen of the complaint is set forth in two counts (First and Second). The first count is grounded in the failure of the lessor to exercise reasonable care with relation to the condition of a certain stairway located in back of an apartment house building located at 223 Madison Avenue, Atlantic City, New Jersey, and referred to in paragraph one of the count.

The second count pleads the same status between the lessee and the defendant, but the gravamen is founded on an alleged nuisance.

The law in this respect was recently declared in the case of *Trondle* v. *Ward* (*Court of Errors and Appeals*, 1942), 129 *N. J. L.* 179 (at *p.* 184); 28 *Atl. Rep.* (*2d*) 509 (at *p.* 512), as follows:

"The common law concept of a nuisance for which a land-owner was liable has indeed undergone marked changes. No longer is his liability limited to cases in which the effect

of the nuisance extended beyond the boundaries of his land (see article by Mr. Laurence H. Eldredge, Adviser, 84 *Restatement, Torts* (1934); *U. of P. Law Review* 467). But under the common law, as to-day, a landowner is liable who creates and maintains a nuisance or who buys into a subsisting and continuous nuisance created by one of his predecessors in title."

Two positions are taken from the pleadings:

(a) By the plaintiff—the direct charge of control of the stairway as being in the landlord, regardless of its use in common with other tenants.

(b) By the defendant—that the doctrine of "reserved control" is limited to and only applicable where the stairway is used in common by other occupants of apartment houses and the like.

This doctrine is set forth in *Barthelmess* v. *Bergamo, supra* (at *p.* 398), thus:

"The sole departure from this fundamental rule, except where the *locus in quo* was in essence a nuisance, has been necessitated by the construction of tenement or apartment houses, intended for the habitation of many tenants, in which situation differing entirely from any comprehended by the rural conditions of habitation at the common law, the courts have found it necessary to recognize the novel housing requisites incident to modern life, by treating hallways and stairs as common ways or appurtenances, kept and maintained by the landlord, for the purpose of affording reasonable entrances and exits to and from the demised premises; and for a failure to reasonably maintain which, in the event of damage to occupants and others lawfully using the premises, the landlord has by the general trend of authority been made liable."

The defendant attacks the sufficiency of the pleadings as a ground of refusal, namely that the lack of allegation of use in common prevents the arise of defendant's responsibility from reserved control.

The case of *Schwartz* v. *Federal Deposit, &c., supra,* strongly relied upon by the defendant is distinguishable in its facts. In that case the court held that the proofs clearly

indicated that the landlord had not retained control over the staircase in question in that case. A reading of the case does not limit the doctrine as being applicable only where there is a reserved control to a situation where there is a use in common. In such a situation the exception arises, but that does not prevent the responsibility of the landlord where control as a fact is generally reserved. At this stage of the present case and for the purposes of this motion, the allegations of control in the complaint must be accepted.

It is noteworthy, however, if the complaint does not state a cause of action and properly pled, that a demurrer, either general or special, in the form of a motion to strike, was not presented and it may be assumed that the defendant conceded a well pled cause of action.

This control and right of entry become part of the material and relevant proofs of the plaintiffs and subsequent repairs are competent evidence thereof. *Perry* v. *Levy* (*Court of Errors and Appeals,* 1915), 87 *N. J. L.* 670; 94 *Atl. Rep.* 569; *Taylor* v. *Majestic Building and Loan Association* (*Supreme Court,* 1936), 14 *N. J. Mis. R.* 699; 186 *Atl. Rep.* 594; *Dubonowski* v. *Howard Savings Institution* (*Court of Errors and Appeals,* 1940), 124 *N. J. L.* 368; 12 *Atl. Rep.* (*2d*) 384; *Trondle* v. *Ward* (*Court of Errors and Appeals,* 1942), 129 *N. J. L.* 179; 28 *Atl. Rep.* (*2d*) 509.

The present answers will be stricken and the defendant is directed to responsively answer. An appropriate rule may be presented.