BERGEN COUNTY CIRCUIT COURT.

JACK EARL AND PAULINE EARL, LANDLORDS, v. KRUG BAKING COMPANY OF NEW JERSEY, A CORPORATION, TENANT.

Decided November 14, 1944.

For the landlord-plaintiff, *Jerome J. Dunn.*

For the tenant-defendant, *Brady & Daly.*

LEYDEN, C. C. J.   This proceeding, instituted in the District Court of the Fourth Judicial District of the County of Bergen, to recover possession of the premises known as Nos. 28-32 North Maple Avenue, in the Village of Ridgewood, Bergen County, from the tenant-defendant, was removed by order of Mr. Justice Bodine to the Bergen County Circuit Court pursuant to the statutes, *R. S.* 2:58–27; *N. J. S. A.* 2:58–27, and its companion *R. S.* 2:32–274; *N. J. S. A.* 2:32–274.

The attorneys for the parties being doubtful on the point, this application, on notice, was made by the tenant for an order requiring the landlord to furnish a bill of particulars as to the following:

1. State what repairs to the roof of the building on the demised premises you allege were necessary and which you allege the tenant failed to make.

2. State what you allege were the conditions in and about the roof of the building on the demised premises which made those repairs necessary.

3. State when you allege that the conditions in and about the roof of the building on the demised premises which you allege made those repairs necessary first obtained or first came to your knowledge.

4. State whether it is alleged that the conditions in and about the roof of the building on the demised premises which you allege made those repairs necessary were called to the attention of the tenant and, if so, to whom representing the tenant notice thereof was given.

5. State what you allege to have been the cause of the conditions in and about the roof of the building on the demised premises which you allege made those repairs necessary and if you allege the cause to have been one or more identifiable occurrences, state what you allege each was and when you allege each occurred.

Summary proceedings in the District Court for the dispossession of tenants may be described as a statutory substitute for the common law action in ejectment, and although the proceedings are commenced by the filing of the jurisdictional affidavit, that affidavit is nonetheless a complaint in

the ordinary acceptation of the term. One advantage of having the complaint in those proceedings in affidavit form is that a judgment of possession may be entered without further ado if upon the return day of the process the tenant enters no defense or fails to show cause why possession of the premises should not be delivered to the landlord. Bills of particulars may be allowed in all descriptions of actions where, as it is said, "the circumstances are such that justice demands that a party should be apprised of the matters for which he is to be put for trial with greater particularity than is required by the rules of pleading." *Watkins* v. *Cope*, 84 *N. J. L.* 143; 86 *Atl. Rep.* 545, 547, and the authorities therein cited. Our courts have sanctioned the allowance of a bill of particulars in summary statutory proceedings under the Medical Act, *N. J. S. A.* 45:9–1, *et seq. State Board of Medical Examiners* v. *Levin*, 10 *N. J. Mis. R.* 321; 159 *Atl. Rep.* 305. The tenant, therefore, is entitled to a compliance with a proper demand for a bill of particulars in a landlord and tenant proceeding.

The lease creating the tenancy between these parties contains the provision: "2nd: That the Tenant shall take good care of the premises and shall at its own cost and expense make all repairs, exterior and interior, except structural changes, and at the end or other expiration of the term, shall deliver up the demised premises in good order or condition, damages by the elements, & ordinary wear and tear excepted."

In the affidavit or complaint the landlord assigns the breach of this provision to make repairs as the basis of the termination of the tenancy, generally, in the following language: "Defendant Krug Baking Company of New Jersey, a corporation of New Jersey, failed to make necessary repairs to the roof of the building on the demised premises in accordance with the provisions of the lease aforesaid, attached hereto and marked 'Schedule A,' and has breached said lease in this respect, and deponents have elected to terminate this lease and the term thereof in accordance with the provisions of said lease."

In justice, the tenant is entitled to know with more particularity what repairs to the roof of the building were neces-

sary which the tenant failed to make. Demand No. 1 therefore is proper and should be answered. Demands Nos. 2, 3, 4 and 5 are improper and need not be answered. The conditions in and about the roof of the building which made the repairs necessary; when those conditions first came to the knowledge of the landlord; whether the conditions were called to the attention of the tenant and if so, to whom; or what caused the conditions complained of are quite immaterial under the terms of the lease and the circumstances.

An order may be presented requiring the landlord to furnish the particulars sought in demand No. 1.