ANNA MAY HOPPER, BY NEXT FRIEND, ET AL., PLAINTIFFS, v. HAROLD E. GILLETT, DEFENDANT.

Argued October 4, 1927—Decided January 18, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the plaintiffs, Jacob L. Bernstein.

For the defendant, Runyon Colie.

PER CURIAM.

This is a medical malpractice case. Defendant demanded certain particulars before answering, and when they were not furnished applied to Mr. Justice Parker on notice for a rule requiring them to be furnished. After argument, a memorandum of decision was filed and a rule was made under date of June 9th, 1927, requiring more specific reply to demands numbers twenty-eight, twenty-nine and thirty, and two others, which latter have since been eliminated from the controversy. Plaintiffs being dissatisfied with this ruling moved to set it aside before part three of the court, and were heard at Trenton about June 24th by Justices Parker and Campbell, sitting as part three. It then appearing that the rule to answer demands numbers twenty-eight, twenty-nine and thirty had been made before answer filed, because of the opinion in *Dixon v. Swenson*, 3 *N. J. Adv. R.* 492; 127 *Atl. Rep.* 591, and plaintiffs stipulating in open court that the filing of an answer should not operate as a waiver of defendant's right, if any, to apply for further answers to said three demands, but that such right remain notwithstanding such answer, the court overruled the demands at that time, but without prejudice to a renewal of the motion after answer filed. Such motion was made at the October term and is now to be disposed of on the merits.

The following are extracts from the memorandum filed by Mr. Justice Parker in deciding the motion of June 9th:

"The other objections to the answers go to the refusal of the plaintiff to answer fully demands numbers twenty-eight and twenty-nine. Number twenty-eight is as follows: 'State whom Frank Hooper, Jr., has been compelled to employ for medical and surgical care of plaintiff Anna May Hooper, as alleged in paragraph three.' Demand number twenty-nine is: 'State how much plaintiff, Frank Hooper, Jr., has expended for such medical and surgical care and to whom.' Number twenty-eight plaintiff refuses to answer on the ground that defendant, under the guise of bill of particulars, is attempting to pry into

plaintiffs' case and attempting to find out the names of the plaintiffs' witnesses; and under number twenty-nine plaintiff answers, approximately, $200 to date, as far as records show, and refuses to give the name or names of the physicians to whom such payment was made on the ground that the defendant is attempting to find out the names of the plaintiffs' witnesses. Number thirty is to the same effect, and on the same ground. There may be some others, but they are all covered by the point made in numbers twenty-eight and twenty-nine.

"If the function of a bill of particulars was confined in a case of this character to the enabling of the defendant to make a suitable answer, I should be disposed to rule that as these inquiries go solely to the measure of damages, and not to the fundamental question of liability, the defendant would not be entitled to have them answered; but the rule I believe to be otherwise. The bill of particulars has the twofold effect of informing the defendant with relation to the details of the plaintiffs' case with a view of preparation of a proper pleading in reply to the complaint, and also of limiting the plaintiffs' proof on the trial as well as apprising the defendant what is proposed to be set up [in this case by way of consequential damages], to the end that the defendant may prepare a proper defense. And so it was held by the late Mr. Justice Garrison in the case of *Heppard* v. *Carr & Smith,* 12 *N. J. L. J.* 186, that particulars of cost of materials and help procured by the plaintiff, and also the names of the parties furnishing such help and supplying such materials were proper to be given. This was a contract case, but I see no distinction from the present case on that account. The recent case of *Dixon* v. *Swenson, supra,* was also a contract case. In that case the action of the trial judge in ordering further particulars was set aside, not because the particulars were not such as ought to have been given, but because the rule requiring further particulars was made after answer had been filed, and the Supreme Court considered that, after answer, the defendant was not entitled to any further particulars than he had at the time he answered. This, however, was a

case in contract, and the furnishing of particulars in contract cases is largely, if not entirely, regulated by the statute; whereas, in cases of tort, like the one before me, particulars are ordered as a matter of common law. See my remarks in the case of *Watkins* v. *Cope,* 84 *N. J. L.* 143, with which counsel are familiar."

We concur in these views, and, as a result, rule may be entered in conformity to that of June 9th, requiring the plaintiffs to furnish the further particulars by way of full answer to the specific inquiries numbers twenty-eight, twenty-nine and thirty made in the demand.