ROBERT BUERMANN, PLAINTIFF, v. ALICE A. MORRIS AND ARCHIE SAKI, DEFENDANTS.

Decided November 12, 1930.

For the motion, *Conover English.*

*Contra, Wilfred H. Jayne, Jr.*

BODINE, J. The present action is one in tort for the alienation of the affections of the plaintiff's wife. The defendants answered with a general denial. The present motion is for a bill of particulars.

It is apparent and not controverted that the complaint is in such form and the action is of such a nature that the defendants would be entitled to many of the particulars requested if the demand therefor had been made before answer filed.

"The bill of particulars has the two-fold effect of informing the defendant with relation to the details of the plaintiff's case with a view of preparation of a proper pleading in reply to the complaint, and also of limiting the plaintiff's proof on the trial as well as apprising the defendant what is proposed to be set up, to the end that the defendant may prepare a proper defense." *Hopper* v. *Gillett,* 140 *Atl. Rep.* 17.

In order that trials may proceed with fairness and due dispatch it is important that the issue to be tried be simplified, and that parties be informed with particularity as to the details of the matters to be presented. It would, therefore, seem that courts were little concerned as to when the demand for particulars was made, providing that it was made so as not to delay the trial of the action.

The Supreme Court in *Dixon* v. *Swenson,* 101 *N. J. L.* 22, in an opinion by Mr. Justice Kalisch, held that a demand for a bill of particulars must be made before answer filed.

Mr. Justice Parker, who had sat with Mr. Justice Kalisch in the Dixon case, said in *Hopper* v. *Gillett, supra* (at *p.* 18), respecting the Dixon case that it was a contract case; whereas in cases of tort particulars are ordered as a matter of common law.

Judge Ackerson relying upon the Hopper case, in *Schwalm* v. *Public Service Transportation Co.,* 143 *Atl. Rep.* 516, per-

mitted a demand for a bill of particulars in a tort action after answer filed.

Mr. Chief Justice Gummere on October 4th, 1913, ordered a bill of particulars after issue joined in Zietarski v. Hahne Co., a tort action. The order was entered after argument, upon the merits, and contains a notation of consent which probably went no further than to form.

Mr. Justice Case in *Galganski* v. *Andrysiak,* 149 *Atl. Rep.* 57, stated *obiter* that the common law permitted a bill of particulars after answer filed in a tort action.

The federal courts have not recognized in contract actions, section 102 of the Practice act (*Pamph. L.* 1903, *p.* 567), and section 34 (*Pamph. L.* 1912, *p.* 383), as limiting the right to particulars to a demand before answer filed. *Wetmore* v. *Goodwin Film and Camera,* 226 *Fed. Rep.* 352.

The court held in that case that the filing of an answer is not a waiver of the right to demand a bill of particulars and that the right in New Jersey exists as at common law to demand a bill of particulars any time before the trial of the case. The reason for allowing a bill of particulars after answer was held to be that "more knowledge of an adversary's case is often necessary to prepare a defense than to frame a written answer which will survive an attack." The acquaintance by both counsel with the simplified issues to be tried promote a speedy and fair trial.

"In actions for wrongs, the injury complained of is in general stated in the declaration; and therefore, in such actions, it is not usual to make an order for the particulars; but circumstances may occur which render it necessary." *Tidd Pr.* 597.

The basis for granting a bill of particulars was stated in *Tilton* v. *Beecher,* 59 *N. Y.* 176 (at *p.* 184), as follows: "A bill of particulars is appropriate in all descriptions of actions where the circumstances are such that justice demands that a party should be apprised of the matters for which he is to be put for trial with greater particularity than is required by the rules of the pleading." This was approved in *Watkins* v. *Cope,* 84 *N. J. L.* 143, 147.

"The courts of common law have a general jurisdiction, independently of any statute, to order particulars of the demand in an action, or of defense, to be given, in order to prevent the necessity of applying to a court of equity." 2 *Arch Q. B. Pr.* 1450.

By rule 20, H. T. 1853, "a summons for particulars, and order thereon, may be obtained by a defendant before appearance, and may be made, if the judge think fit, without the production of any affidavit." 2 *Arch. Q. B. Pr.* 1454.

"It is discretionary with the judge to make an order at any time before the trial. But in general it will be refused after plea pleaded, unless under special circumstances." 2 *Arch. Q. B. Pr.* 1454.

"A bill of particulars may usually be moved for at any time before trial, even before appearances entered, or after issue joined, or a reference to arbitrators. At the trial it is too late, and if a party delay to move for a bill, it should be at his own costs." 2 *Am. & Eng. Encycl. L.* 248; 3 *Encycl. Pl. & Pr.* 532.

When good reason exists for ordering a bill of particulars, the mere circumstance that a general denial has been filed is no reason to stay a court from requiring particulars which will limit the plaintiff on the trial and apprise the defendant of what is proposed to be set up. The proper administration of law requires that such information be given.

The particulars demanded go a little beyond an inquiry into the foundation and object of the action. A demand for evidence is not proper. The defendant is not entitled to copies of letters and communications, but is entitled to know the dates of the letters and communications referred to, and to whom the letters were sent and the communications made.

The application, as modified, will be granted.