The object of the second cause for action is to cancel a mortgage on the property of the complainants, given to the male defendant by his mother, now deceased, the former owner, upon the grounds as charged, that it was given without consideration and was executed "without [the mortgagor's] knowledge of the legal and practical effect" and that it "was not given voluntarily, but was given under duress." The answer denies the charges. The defendant now asks for a bill of particulars of the charges. He also submitted interrogatories as to the particulars of the charges and motion is made to strike them out. A counter-motion is made to strike out the complainants' interrogatories. *Page 484 
Interrogatories may not be resorted to to pry into an opponent's case. They may be used only for the purpose of establishing the case of the proponent at the hearing, and they may not be submitted until after issue is joined. Chancery Rule 84. A bill of particulars has an entirely different function from interrogatories. It is for a discovery of an opponent's case with greater particularity than is disclosed by his pleadings. It may be sought before answer in order to appropriately set up the defense in the pleadings and after answer to intelligently meet the opponent's case at the trial. Instructive opinions on the practice may be found in the recent case of Buermann v.Morris, 8 N.J. Mis. R. 811, by Mr. Justice Bodine, and in the earlier case of Watkins v. Cope, 84 N.J. Law 143, by Mr. Justice Parker; also in Vice-Chancellor Fallon's opinion inGriffin v. Londrigan, 106 N.J. Eq. 247.
The defendant may have a bill of particulars concerning the charges that the mortgage was executed "without knowledge of the legal and practical effect" and that it "was not given voluntarily, but was given under duress." These charges are of wide range and are so indefinite as to be meaningless as pleadings. LeGendre v. Byrnes, 44 N.J. Eq. 372. The other charge that the mortgage was given without consideration is not open to elaboration. It is a matter within the defendant's knowledge and correct pleading required of him that he discover the consideration in his answer. Borough of Vineland v.Maretti, 93 N.J. Eq. 513. The omission invited an exception (now motion) for insufficiency of the answer on that score.
The defendant's interrogatories are directed to the subject-matter of his bill of particulars. They seek disclosures of the complainants' case, not informative to support the defense and will be stricken out.
The complainants' first, second, third and fourth interrogatories inquire as to the consideration of the mortgage, when and how the debt was incurred, and are proper. The rest will be stricken out as not bearing on the issue. *Page 485