## GEORGE BILLY ET AL., PLAINTIFFS, v. ABE TATARSKY, DEFENDANT.

Decided March 2, 1933.

For the plaintiffs, *Maurice M. Margolis* (*Benjamin D. Braelow,* of counsel).

For the defendant, *Harvey G. Stevenson.*

SMITH, S. C. C. This application is made by the plaintiffs to strike out a demand for a bill of particulars in a negligence action arising out of a collision between two automobiles. The demands might be grouped under several classes as follows: As to the manner in which the accident happened, as to the negligence charged, as to the injuries and their extent, as to the confinement and disability; as to the loss of wages, as to the physicians, and as to disbursements in medical treatment.

The question in dispute raised on this motion have been the cause of a great many similar motions. There seems to exist an opinion among many members of the bar that the sole purpose of a bill of particulars is to furnish the pleader with information so that he may be enabled to frame his pleadings in defense or in reply. That this was its origin

and primary purpose I do not doubt. But the scope of inquiry by bill of particulars has, however, been considerably enlarged, and the enlarged scope approved by our Supreme Court.

In *Watkins* v. *Cope,* 84 *N. J. L.* 143; 86 *Atl. Rep.* 545, so often cited in our courts on the question of the propriety of interrogatories, the court, in passing on interrogatories calling for items of damage, says: These "have habitually been obtained by a demand for particulars." In *Dixon* v. *Swenson,* 101 *N. J. L.* 22; 127 *Atl. Rep.* 591, which had to do with when and how bills of particulars should be demanded, the court says: "The function of a bill of particulars was none other than to furnish the pleader with information so that he would  *  *  *  be enabled to frame his pleadings in defense or in reply." But in another part of the opinion, referring to *Johnston* v. *Bowers,* 69 *N. J. L.* 544; 55 *Atl. Rep.* 230, the court says that a bill of particulars is for the purpose of trial information as to the scope of the claim. The citation of *Johnston* v. *Bowers, supra,* however, states: "But the bill of particulars limits and defines for the purpose of trial, the scope of the plaintiff's claim."

Finally, the Supreme Court, in *Hopper* v. *Gillett,* 6 *N. J. Mis. R.* 63; 140 *Atl. Rep.* 17, I think has set the matter at rest and decided as to the scope of inquiry by way of a bill of particulars. The court says: "The bill of particulars has the two-fold effect of informing the defendant with relation to the details of the plaintiff's case with a view of preparing of a proper pleading in reply to the complaint, and also of limiting the plaintiff's proof on the trial, as well as apprising the defendant what is proposed to be set up."

This case follows the opinion of Mr. Justice Garrison in the case of *Heppard* v. *Carr & Smith (Supreme Court,* 1889), 12 *N. J. L. J.* 186, which lays down the rule that the party who avers matters he must prove on the trial, shall so far apprise his opponent concerning them that he may intelligently prepare his pleading and defenses.

We therefore have authority for the proposition that a bill of particulars is: First, for the purpose of obtaining information with regard to the plaintiff's claim with more detail

than set out in the pleading with a view of preparing a proper pleading in reply to the complaint; second, apprising the defendant of what is proposed to be set up at the trial to the end that the defendant may be prepared at the trial to combat the proposed proof of the plaintiff; third, the obtaining of the particulars of the items of damage to the end that the plaintiff may be limited in his proof at the trial and to inform the defendant as to what these items are so that he may be prepared to meet them at the trial.

I have purposely refrained from referring to the decisions of Supreme Court justices (other than that of Mr. Justice Garrison in *Heppard* v. *Carr & Smith, supra,* which seems to have been approved in *Hopper* v. *Gillett, supra*), and of Circuit Court judges in disposing of motions in reference to striking out demands for bills of particulars, because they are not in entire accord. I therefore believe it to be better practice to base my conclusions on the cases decided by our Supreme Court at bar.

We come now to the application of these general principles to the particular demands under consideration of this motion.

The plaintiff sues for damages charging that the defendant negligently ran into his car from the rear. I will refer to the demands by number.

1. The defendant demands information as to the manner in which the defendant was negligent in the operation of his automobile. The complaint alleges a duty on the defendant's part to operate his automobile in a cautious manner, having same well under control at all times, and with due regard to the rights and safety of others using the said highway in common with him, and to observe traffic conditions as they existed at the aforesaid time and place; and the negligence charged was that the defendant violated this duty in that he operated his automobile at an unlawful rate of speed without proper lights, without properly observing traffic conditions as they existed at the aforesaid time and place, and in that he did not give proper warning of his intention to proceed.

The information given him by this complaint, it seems to me, pretty clearly covers the questions of negligence. I think,

however, that the defendant is entitled to an answer to this demand for particulars as to the improper lights. The other charges of negligence, I think, are so comprehensively alleged in the complaint that no further information need be elicited.

Two and 3 may be considered together. They ask for particulars of the injuries, the nature thereof and which are temporary; and whether the plaintiff is cured, and if not, which injuries he still suffers from and for which he still undergoes medical treatment.

These inquiries are proper and should be answered. It is important for the defendant to know these particulars so as to limit the plaintiff in his proof or damage and to enable him to prepare his own case for trial by directing his proof at the particular injuries claimed. The complaint has listed the injuries with some detail, but it is my view that the defendant is entitled to more particulars than given in the pleadings, which quite usually cover a very wide field.

In considering the propriety of having answers to these demands, it must be borne in mind that while physical examinations are permitted from which information can be obtained as to the nature and extent of the injuries, there is no definite way of fixing information given to the examining physician so that it will be binding on the plaintiff, or to make up for the phyiscian's lack of inquiry. We so frequently find on the trial that the physicians did not examine as to certain injuries claimed by the plaintiff, the physician stating that he was not informed that there was any claim in reference to them and that the plaintiff stating that the physician had been apprised of them. This bill of particulars does away with this controversy and discloses the conditions to which the examining physician is to direct his attention.

Four to nine inclusive may also be considered together. No. 4 asks that the plaintiff disclose whether or not the plaintiff was confined in a hospital, and if so, to what hospital and for how long, giving the dates. No. 5 asks for details as to the injuries which are permanent in character. No. 6 inquires as to the period of confinement. No. 7 asks for the place of confinement. No. 8 asks for the manner in which

the plaintiff was disabled and rendered incapable of performing his work. No. 9 asks whether the plaintiff was employed and the details of employment, as to the capacity, salary, name and address of employer and the length of time for which the plaintiff was unable to attend to his employment. In allowing the disclosure of the name of the hospital I have in mind the right of such institution to create a lien upon the cause of action. The name of the employer I think should be disclosed because it relates to the employment which existed previous to the accident.

All these demands, it seems to me, should be answered. They go principally to limit the plaintiff as to his damage and to give the defendant particulars which will aid him in the preparation of his defense, and I think are warranted by the rule which I have adhered to and the ruling of the court in *Hopper* v. *Gillett, supra.*

The advisability that the defendant should have settled as to scope and amount the items of damage in so far as may be, cannot be gainsaid, as it is the best aid to the settlement of the case. That inquiry as to items of damage due to loss of time from business may be elicited by bill of particulars was approved by Mr. Justice Bodine in an observation made by him in speaking for the Court of Errors and Appeals in the case of *Alexander* v. *Cheaster,* 110 *N. J. L.* 95 (at *p.* 97); 164 *Atl. Rep.* 287.

10. This is a demand that the plaintiff furnish the names and addresses of the physicians treating the plaintiff and the number of treatments he has received.

While it is recognized under the rules that I have laid down that the names and addresses of witnesses may be obtained, I do not think one of its purposes is the obtaining from the adverse party the names and addresses of his witnesses.

It has been held improper in the case of an interrogatory. *Watkins* v. *Cope, supra.* The court in that case, in striking out the interrogatory directed to a question asking for names and addresses of witnesses, held it improper and did not refer to its being a proper inquiry by way of bill of particulars,

as it did in disposing of other interrogatories that had been stricken out.

I think the proper rule with regard to this question is that if in obtaining an answer to a bill of particulars proper in itself, names and addresses of witnesses must necessarily be furnished as incident to the answer, that they should be furnished. To put it as stated in *Corp. Jur.*: "The fact that a bill of particulars may disclose the pleader's evidence or the names of his witnesses is no objection to ordering it, if the pleader is otherwise entitled to it, as where it may give definite information with respect to a material fact at issue." 49 *Corp. Jur.* 638.

This distinction is shown in *Sundheimer* v. *Barron,* 114 *N. Y. Supp.* 804; 62 *N. Y. Misc.* 263, and in the numerous cases on conspiracy where, in order to find who the conspirators are it is necessary to obtain their names, and some of these may be witnesses for the other side.

While I have not covered the whole field outside of New Jersey in my examination of the cases, I have not found any case where the court has directed the name of the doctor to be furnished. It was held improper in New York by the Appellate Division of the First Department in their Supreme Court in the case of *Sleman* v. *Metropolitan Street Railway Co.,* 71 *N. Y. Supp.* 254, and in citing that case the court, in the case of *Taylor* v. *Security Mutual,* 71 *N. Y. Supp.* 671 (at *p.* 675), in its comment, said: "In such cases the issuable fact is the extent of the injuries, not who has treated the patient thereafter."

In an action for personal injuries in the case of *Green* v. *Johnson,* 110 *N. Y. Supp.* 104; 126 *App. Div.* 33, the court denied to the defendant knowledge of the names and addresses of the physicians, &c., saying: "She should therefore specify how much, if any, she has expended for medicines and for medical aid and treatment and for the attendance of a nurse; but knowledge of the names and addresses of physicians, druggists and nurses are not essential to apprise the defendant of plaintiff's claim for such expenditures."

Names and addresses were required in the case of *Hopper*

v. *Gillett, supra,* following *Heppard* v. *Carr & Smith, supra.* I think the propriety of answering the demand under consideration can be distinguished from the cases referred to. Hopper *v.* Gillett was a malpractice case where it might be essential in the determining of the question of liability to inquire into the action of the physician who followed the defendant in the treatment of the plaintiff. What the plaintiff's condition was when he came into the hands of the succeeding physician might be very important in passing on question of liability. It is true that in Hopper *v.* Gillett it was referred to as being allowed on the question of consequential damages. Still the case that was referred to as being authority for requiring that an answer be made to the demand was Heppard *v.* Carr & Smith. That was a contract issue. The plaintiff claimed for services in reference to plumbing work done for third parties under his management, but acting for the defendant, and the names and addresses of such third parties were required. Clearly this went to the question of liability as well as to the question of damages. As to the names of persons being involved, it might have been appropriate for the inspection of the work and further investigation with regard to the work that was done.

The object of obtaining the answer, I assume, is two-fold: First, to permit an investigation to be made through the physician as to the services he rendered; and second, as to his charge. As to the charge, the name of the party making it is not essential if the defendant knows the amount. The advantage that may be obtained by verification by inquiry from the doctor I do not think warrants the giving of the information.

We then come to the consideration of the purpose of the defendant's obtaining the physician's name in order to ascertain from him the facts of his services and what he found. While it might be that the plaintiff could not prevent the doctor, if called by the defendant, from testifying as to what he found and did, it does seem to me that professional ethics would restrain a doctor from disclosing this information to someone hostile to his patient. I therefore think that the aid

of the court by way of bill of particulars should not be given to the making of such inquiries.

I think it is well recognized that while we have principles governing the allowance and disallowance of demands for particulars, the granting of the demand is discretionary with the court. *State Board of Medical Examiners* v. *Levin,* 10 *N. J. Mis. R.* 321; 159 *Atl. Rep.* 305; *Paper, &c., Machinery Co.* v. *Newlin,* 101 *N. J Eq.* 115; 137 *Atl. Rep.* 314; 49 *Corp. Jur.* 625.

Considering the matter under the discretionary power of the court, it seems to me that any advantage which may be obtained by the defendant through the eliciting of the names and addresses of the treating physician is largely outweighed by the danger that the plaintiff may be under in disclosing the names of these very important witnesses to the defendant. The dangers to the plaintiff incident to the disclosure are obvious. It is therefore my conclusion that this demand should be denied.

11. This demand asks for itemized statements covering the hospital, doctors, nurses, medical and other items of expense. These, I think, should be furnished as asked for, with the exception as to other items of expense beyond expenses in care and treatment.

The defendant is entitled to limit the plaintiff in his proof as to the expenditures. It is not necessary, however, to state what hospital, doctor, nurse or druggist the expenses were incurred with. The general reference should be answered at least to the extent of expenses incurred in the care and treatment of the plaintiff for the injuries sustained.