HAROLD A. WOLFSON, BY HIS NEXT FRIEND, RAYMOND WOLFSON; RAYMOND WOLFSON AND LENA WOLFSON, CHARLES EDELSTEIN, BY HIS NEXT FRIEND, ABRAHAM EDELSTEIN; ABRAHAM EDELSTEIN AND BERTHA EDELSTEIN, INDIVIDUALLY; LOUIS SCHWARTZ, BY HIS NEXT FRIEND, JULIUS H. SCHWARTZ; JULIUS H. SCHWARTZ AND HANNAH SCHWARTZ, INDIVIDUALLY, AND FRANK COHEN, PLAINTIFFS, v. LELAND G. MILLS AND WALTER R. MILLS, DEFENDANTS.

Argued March 8, 1933—Decided December 14, 1933.

Before Justice Heher, at the Passaic Circuit.

For the plaintiffs, *Kitay & Schwartz* (*Sol Schwartz*, of counsel).

For the defendants, *Arthur T. Vanderbilt*.

HEHER, J. Defendants served a demand for a bill of particulars. Plaintiffs refused to answer some of the questions propounded, and defendants now move to compel full compliance with the demand. The questions made the subject of this motion may be grouped under three heads.

Class I: Questions numbered 1 to 4, 7 to 11, 32 to 41, 67 to 76, and 100 to 105. They were framed to elicit more specific information respecting the nature and extent of the injuries claimed to have been sustained by plaintiffs. Plaintiffs answered these inquiries merely by making reference to the allegations of the complaint.

Class II: Questions numbered 15 to 20, 61 to 66, 79 to 82, 93, 99, and 108 to 113. These inquiries related to the disability, if any, suffered by plaintiffs by reason of the claimed injuries. Plaintiffs refused to make answer on the ground that the questions are "improper."

Class III: Questions numbered 21 to 29, 44, 46, 47, 49 to 60, 84 to 97, and 114 to 127. They seek information as to disbursements made for medical treatment and hospital service. Plaintiffs refused to answer these inquiries, also on the ground that they are "improper."

The bill of particulars has the two-fold effect of informing defendant with relation to the details of plaintiff's case, with a view of preparation of a proper pleading in reply to the complaint, and also of limiting plaintiff's proof on the trial, as well as apprising defendant of what plaintiff proposes to set up, to the end that defendant may prepare a proper defense. Its primary function is not to expose a party's evidence to his adversary, but to amplify the pleadings, and indicate, with more particularity than is ordinarily required in a formal plea, the nature of the claim made, in order that surprise upon the trial may be avoided, and the issue more intelligently met. It may be required for the purpose of giving definite information as to a claim made by an adversary in respect of any material fact at issue. *Hopper* v. *Gillett*, 6 *N. J. Mis. R.* 63; 140 *Atl. Rep.* 17; *Locker* v. *American Tobacco Co.,* 200 *Fed. Rep.* 973; *Jacobson* v. *Massachusetts Bonding, &c., Co.,* 165 *N. Y. Supp.* 776; *Sundheimer* v.

*Barron,* 114 *Id.* 804. It limits and defines, for the purposes of trial, the scope of plaintiff's claim. "A bill of particulars is appropriate in all descriptions of actions where the circumstances are such that justice demands that a party should be apprised of the matters for which he is to be put for trial with greater particularity than is required by the rules of the pleading." *Tilton* v. *Beecher,* 59 *N. Y.* 176, 184.

The questions propounded by defendants are, therefore, proper. As to the first group of questions, plaintiffs insist that they have been fully answered, in that the pertinent allegations of the complaint have by reference been incorporated in the answers. Defendants obviously seek, by the inquiries made, more specific information than is afforded by the complaint. This is the office of a bill of particulars, and inasmuch as these queries relate to matters that are properly the subject of inquiry by this method, they are entitled to specific answers. Items of damage have habitually been obtained by a demand for particulars. *Watkins* v. *Cope,* 84 *N. J. L.* 143; 86 *Atl. Rep.* 545.

Plaintiffs also assert that the questions seeking to identify the physicians who attended them are improper. It is their insistence that they cannot be compelled to disclose the names of their witnesses. The propriety of this demand, it seems to me, is manifest. If defendants are entitled to be informed, for the purpose of preparing a proper defense, of the expenditures made by plaintiffs for medical attention, they are, by the same token, entitled to know the identity of the physician who rendered the service. In *Heppard* v. *Carr & Smith,* 12 *N. J. L. J.* 186, Mr. Justice Garrison ruled that particulars of cost of materials and help procured by plaintiff, and also the names of the parties furnishing such help and supplying such materials, were proper to be given. While this was a contract case, it cannot be distinguished on that account from the instant case. *Hopper* v. *Gillett, supra.* In the last cited case, the names and addresses of physicians were ordered to be furnished.

Although a bill of particulars may not be required for the purpose of disclosing the evidence, or the names of the wit-

nesses of an adversary, it may be required for the purpose of giving definite information as to a claim or proposition maintained by an adversary with respect to any material fact at issue, even though this may involve a disclosure of the names of individuals with whom it is claimed the transactions were had; so that, while the name of a witness, as such, may not be required to be disclosed, nevertheless the name of an individual, with whom it is claimed that the transaction, which is one of the issues in the case, was had, may be required, in a proper case, to be specified, even though it may be the intention of the opposite party to prove the fact by such individual as a witness. *Sundheimer* v. *Barron, supra; Taylor* v. *Security Mutual Life Insurance Co.,* 76 *N. Y. Supp.* 671. As was said by Judge Ward in *Locker* v. *American Tobacco Co., supra*: "Bills of particulars have grown from very small and technical beginnings into most important instruments of justice. Originally they were confined to accounts, then extended to contracts generally, and finally to torts. While they are not intended to advise a party of his adversary's evidence or theory, they will be required, even if that is the effect, in cases where justice necessitates it. For instance, in actions for damages caused by the negligence of servants, the plaintiff is constantly required to name the servant alleged to have been negligent, and to state the particulars in which he was negligent. Likewise, where the master's work, ways, or machinery are complained of as defective, the plaintiff will be required to state the defects and the way in which they caused his injuries. One of the main purposes is to prevent surprise, and to advise the party of what he is to meet at the trial."

Motion granted, but without costs.