JOHN TIERNEY, petitioner,

*v.*

HENRIETTA McCLELLAN TIERNEY, defendant.

[Decided November 2d, 1935.]

*Mr. Nathan A. Whitfield,* for the petitioner.

*Mr. Joseph J. Carissimi,* for the defendant.

HERR, A. M.

To the petitioner's amended petition for divorce the defendant filed an answer and counter-claim, and being met by a special replication and an answer to the counter-claim served a demand for a bill of particulars respecting certain allegations contained therein. Upon petitioner's refusal to furnish such particulars, defendant applied to the court for an order requiring that they be furnished. The particulars sought are as follows:

1. In paragraph 3 of the counter-claim the defendant alleges that on May 1st, 1920, "petitioner and defendant entered into a written agreement, a copy of which is hereto attached and made part hereof, whereby it was agreed among

other things that defendant * * * was to live separate and apart from petitioner," &c.

The counter-claim alleges that petitioner deserted defendant. The replication denies that allegation and reads: "Any agreement that was made on or about May, 1920, to live separate and apart from each other during their natural lives was subsequently broken by defendant." In the third paragraph of the answer to the counter-claim the averment is: "Petitioner admits that he entered into an agreement submitted to him by the defendant's attorney, the purport of which he did not understand at that time, but that said agreement in nowise was the cause of the separation between the parties. He avers that the said defendant broke the said agreement within a short time after it was made and that she contracted debts and charged them to the said petitioner; that she harassed the said petitioner and endeavored to have him lose his place of employment and attempted to have him incarcerated, all in violation of the terms of the said agreement."

The particulars demanded respecting these allegations of the replication and answer to the counter-claim are the date or dates and particulars of the alleged breaking of the agreement by defendant, the name and address of the attorney referred to, the date of submission of agreement to petitioner, whether the petitioner is referring to the same agreement set out in the counter-claim, what portion of the agreement was not understood by petitioner, the identity of persons with whom defendant contracted debts, and the dates and nature of those debts, the dates and nature of acts constituting harassment of petitioner, and places where those acts were committed, the identity of employer and dates on which defendant endeavored to cause petitioner to lose his employment, and the dates and acts constituting attempts to incarcerate, and identity of official or person whose aid was sought in the matter.

2. In paragraph 4 of the answer to counter-claim it is alleged that petitioner "regularly forwarded payments to the defendant for the support and maintenance of the infant child

of the marriage and for her school education," &c., and in paragraph 6 that "he has regularly supported and maintained the infant child of the marriage for all the time that she attended school." As to these allegations the defendant seeks particulars as to dates, amounts and manner of payment of such moneys.

Originally bills of particulars were demandable only at law and the practice did not exist in equity prior to 1915. *Paper and Textile Mach. Co.* v. *Newlin, 101 N. J. Eq. 115, 117; 137 Atl. Rep. 314.* By rule 45 it is now provided that:

"The court may, in its discretion, order further and better particulars to be given of any matter stated in any pleading, or may order a bill of particulars to be given, in any case in which it may be justly required."

There is no fixed and inflexible rule as to when a party is entitled to a bill of particulars; but generally it is held that, in any case where, from any cause, a party is placed in such a situation that he cannot properly plead or prepare for trial unless he is apprised of the particulars and circumstances of his opponent's case with more particularity than is required by the rules of pleading the court may direct that information as to such matters shall be seasonably furnished. *49 C. J. tit. "Pleading" 624 § 886 n. 34.* No particulars will be ordered when it appears that the information sought is not necessary to enable the other party to plead or prepare for trial. *Paper and Textile Mach. Co.* v. *Newlin, supra.*

The primary function of a bill of particulars is not to expose a party's evidence to his adversary, but to amplify the pleadings, and indicate, with more particularity than is ordinarily required in a formal plea, the nature of the claim made, in order that surprise upon the trial may be avoided, and the issue more intelligently met. It may be required for the purpose of giving definite information as to a claim made by an adversary in respect of any material fact at issue. *Wolfson* v. *Mills (Supreme Court), 112 N. J. Law 1, 2; 169 Atl. Rep. 359.*

A bill of particulars has the two-fold effect of informing the defendant, with relation to the details of the plaintiff's

case, with a view of preparation of a proper pleading in reply to the complaint, and also limiting the plaintiff's proof on the trial as well as apprising the defendant what is proposed to be set up, to the end that the defendant may prepare a proper defense. *Hopper* v. *Gillett* (*Supreme Court*), *6 N. J. Mis. R. 63, 65; 140 Atl. Rep. 17* (app. dism., *105 N. J. Law 150; 143 Atl. Rep. 488*); (quoted in *Brady* v. *Hauenstein, 7 N. J. Mis. R. 1081; 148 Atl. Rep. 182; Buermann* v. *Morris, 8 N. J. Mis. R. 811; 152 Atl. Rep. 341; Billy* v. *Talarsky, 11 N. J. Mis. R. 184; 165 Atl. Rep. 413*).

"The principle which guides the court in granting or refusing applications of this nature is, that the party who avers matters which he must prove on the trial, shall so far apprise his opponent concerning them that he may intelligently prepare his pleadings and defenses. This is a necessary part of any rational administration of justice, and as the matters which a party must prove are presumed to be within his knowledge, it can work no hardship. The particulars thus required to be disclosed need not be the manner of proof which the party intends to employ, only the matters themselves upon competent proof of which he proposes to rest his claim. * * * The questions in every instance being, are the facts which constitute the claim within the knowledge of the party averring and is there specification necessary to a proper apprisal of the other party?" *Heppard* v. *Carr & Smith* (*1889, Gloucester Circuit Court, Garrison, J.*), *12 N. J. L. J. 186*.

A party cannot be compelled to disclose his evidence in a bill of particulars. *Wolfson* v. *Mills, supra.* A bill of particulars limits the proof of the party producing them. *Hopper* v. *Gillett, supra; Buermann* v. *Morris, supra;* see *8 A. L. R. 550.* As a general rule a party will not be required to furnish information which is equally or peculiarly within the knowledge of the party demanding it. *49 C. J. 639 § 902.* See *Paper and Textile Mach. Co.* v. *Newlin, supra.* The court may order particulars in part and deny them in part. *Magie* v. *Magie, 108 N. J. Eq. 483; 155 Atl. Rep. 613.*

In *Magie* v. *Magie, supra* (1931, Backes, Vice-Chancellor), there were counter-motions to strike out interrogatories and

for a bill of particulars. The action was (second cause) to cancel a mortgage on complainant's property on the grounds that such mortgage was given without consideration and was executed "without [the mortgagor's] knowledge of the legal and practical effect" and that it "was not given voluntarily, but was given under duress." Defendant asked for bill of particulars of the charges and also submitted interrogatories and motion to strike them out was made.

In speaking of the distinction between interrogatories and a bill of particulars the vice-chancellor (at *p. 484*) said:

"Interrogatories may not be resorted to to pry into an opponent's case. They may be used only for the purpose of establishing the case of the proponent at the hearing, and they may not be submitted until after issue is joined. Chancery rule 84. A bill of particulars has an entirely different function from interrogatories. It is for the discovery of an opponent's case *with greater particularity than is disclosed by his pleadings*. (Italics mine.) It may be sought before answer in order to appropriately set up the defense in the pleadings and after answer to intelligently meet the opponent's case at the trial."

The court granted defendant a bill of particulars as to charges that the mortgage was executed "without knowledge of the legal and practical effect" and that it "was not given voluntarily, but was given under duress." The court (at *p. 484*) said:

"These charges are of wide range and are so indefinite as to be meaningless as pleadings. * * * The other charge that the mortgage was given without consideration is not open to elaboration. *It is a matter within the defendant's knowledge and correct pleading required of him that he discover the consideration in his answer.* (Italics mine.) *Borough of Vineland* v. *Moretti, 93 N. J. Eq. 513.*"

In the tort action of *Brady* v. *Hauenstein* (*Hudson County Circuit, Ackerson, J.*) *supra,* the court (at *p. 1082*) said:

"An inquiry as to the names of physicians and nurses is proper under the last cited case (*Hopper* v. *Gillett, supra*), and if this is so, it would appear that their addresses would

be the proper subject of inquiry also for the purpose of identification, so that defendant would know exactly the doctors and nurses referred to, and thus also limit the plaintiff to the particular persons intended   *   *   *."

It does not appear in the *Brady Case* that defendant had equal knowledge of, or equal access to, the names and addresses.

In *Heppard* v. *Carr & Smith, supra,* plaintiff claimed for plumbing services for a stated period at a fixed sum *per diem,* and claimed $250 on a special contract. Under the special contract plaintiff was to manage a plumbing business for defendants and for such service was to receive a sum equal to one-half of the net profits. Plaintiff stated gross receipts to have been $1,511.98 and operating $1,011.98 leaving $500 balance. Defendants demanded a bill of particulars as to the times when and the persons for whom the services were rendered by which the gross receipts were estimated. It was held that since plaintiff alone had knowledge of the persons and items he should furnish such particulars.

Applying these settled rules to the present case, some of the demands appear to be proper and others improper.

I. *Particulars respecting the petitioner's alleged misunderstanding of the agreement.*

The petitioner should furnish particulars as to what portion of the agreement it was the purport of which he did not understand. This is a matter peculiarly within the petitioner's knowledge. Unless he is required to specify, the defendant will be compelled to meet the allegation as to any part of said agreement. The allegation is too broad and indefinite. *Magie* v. *Magie, supra.*

II. *Particulars respecting the identity of the agreement to which petitioner refers.*

It seems proper that the petitioner should comply with the demand for particulars asked for in paragraph 2 subdivision (3) of defendant's demand for bill of particulars. While in petitioner's special replication he refers (in paragraph 1) to an agreement made "on or about May, 1920," in the answer to the counter-claim he refers merely to "an agreement"

(paragraph 3). Paragraph 3 of the answer to the counter-claim is an answer to paragraph 3 of the counter-claim wherein the agreement is set up. The special replication and answer to counter-claim are distinct pleadings. The admission of petitioner in paragraph 3 of the answer to counter-claim does not expressly admit the execution between him and defendant of the agreement *of May 1st, 1920*. The petitioner may subsequently claim that he was admitting the execution of some other agreement. Particulars should therefor be furnished.

III. *Particulars as to dates, amounts and manner of payments under agreement.*

The petitioner admits that he is in possession of the information sought by defendant in her demand, but the defendant has knowledge of the receipt of payments made to her. In her counter-claim in paragraph 4 she states the amounts received and the dates. It seems that defendant has sufficient knowledge to plead and prepare for trial on these matters.

IV. *The remaining demands for particulars.*

All other demands for specifications should be denied, on the ground that the defendant already has sufficient knowedge to plead and prepare for trial.

An order will be advised in accordance with the foregoing conclusions.