[No. 28812.   Department One.   October 21, 1942.]

ADJUSTMENT DEPARTMENT, OLYMPIA CREDIT BUREAU,
INC., *Respondent,* v. NORMAN BROSTROM
*et al., Appellants.*[1]

*E. A. Philbrick,* for appellants.

*Ray C. Gruhlke,* for respondent.

BEALS, J.—Plaintiff in this action, Adjustment Department, Olympia Credit Bureau, Inc., a corporation, which is engaged in the collection business, instituted

[1]Reported in 130 P. (2d) 67.

this action, as assignee of one Tom Bushey, against Norman and Aletha Brostrom, husband and wife, asking for judgment for $337.50, upon an account for labor and materials which it was alleged were furnished by Bushey to defendants.  Paragraph three of the complaint reads as follows:

"Heretofore the defendants, Norman Brostrom and Aletha Brostrom, husband and wife, acting for themselves, each other and their marital community, became indebted to Tom Bushey for labor and materials furnished at the special instance and request of said defendants and upon their express promise to pay therefor.  On account of said transaction there is now due and owing the just and reasonable sum of $300.00 together with interest from April, 1939, in the amount of $37.50."

It does not appear that defendants moved against plaintiff's complaint or demurred thereto, their answer, which appears in the transcript, consisting of denials only, paragraph two thereof reading as follows:

"Answering paragraph two [three] of said complaint these defendants deny that plaintiff furnished labor and materials at their special instance and request and upon their promise to pay therefor, and deny that 'there is now due and owing the just and reasonable sum of $300.00' or any other sum."

The action came on for trial before the court, resulting in findings of fact and conclusions of law in plaintiff's favor, followed by a judgment against defendants for three hundred dollars and costs.  From this judgment, defendants have appealed.

Error is assigned upon the admission of evidence received over appellants' objection; upon the denial of appellants' motion for a dismissal at the close of respondent's evidence; and upon the entry of judgment in favor of respondent.

Respondent's evidence tended to prove that Bushey

had furnished labor and material to appellants, in the course of digging a well, under an agreement to pay for the well at the rate of three dollars a foot. Appellants strenuously objected to the admission of this evidence, upon the ground that the complaint stated a cause of action on a *quantum meruit* for the reasonable value, while the evidence offered tended to prove that the labor and material were furnished under a contract to pay a specific sum. The trial court admitted the evidence over appellants' objection, and this ruling presents the only question argued before this court. If, under the complaint, the evidence was admissible, it clearly supports the findings of fact in respondent's favor.

Respondent's counsel, in his opening statement, referred to the action as "on account," and appellant argues that the use of this phrase indicates that respondent's counsel considered the action as one based on a *quantum meruit*. The use of this phrase by respondent's counsel indicates nothing one way or the other, and has no significance whatever.

From the record, it appears that an amended bill of particulars had been furnished to appellants by respondent, respondent's counsel stating to the court that in this bill of particulars it was "alleged that a contract was entered into by Bushey and Brostrom." Appellants' counsel, in reply, admitted that appellants had been furnished with an amended bill of particulars, and did not challenge counsel's statement that the bill referred to a contract. Appellants' counsel contended that, as a bill of particulars is not a pleading (in which contention appellants were correct), the furnishing of that document did not affect the question before the court, which, on the trial, was the admissibility of the evidence offered by respondent, which was to the effect that appellants had contracted

with Bushey to pay three dollars a foot for digging the well.

In the course of its ruling denying appellants' motion to dismiss at the close of respondent's case, the court referred to the bill of particulars as having some possible bearing upon the question presented. As no bill of particulars is contained in the transcript on appeal, and as no supplemental transcript has been filed herein, we have no information as to just what the bill of particulars contained, but the trial court had the right to consider the same.

The only question to be determined is whether or not, under respondent's complaint, respondent could introduce evidence concerning a contract between its assignor, Mr. Bushey, and appellants. Appellants strenuously contend that the complaint alleges nothing more than a claim by way of a *quantum meruit* for the reasonable value of labor and material furnished, and that the trial court wrongfully received, over appellants' objection, evidence to the effect that Mr. Bushey furnished labor and material under a contract with appellants. While the objection is technical in the absence of any motion to amend the pleading, the ordinary rules of evidence must be observed.

In support of their contention, appellants cite several authorities. In the case of *Lawson v. Sprague*, 51 Wash. 286, 98 Pac. 737, an action to recover money which plaintiff alleged was due him as the result of a complicated real estate transaction, this court affirmed the judgment of the trial court dismissing the action upon sustaining a demurrer to the complaint. The complaint, *inter alia*, alleged:

" 'And as a further consideration for said assignment said defendant on the said date agreed to pay to said plaintiffs the sum of $5,500 in accordance with the terms of memorandum, true copy of which is set out below, which was then and there executed.' "

This court properly observed that this allegation amounted to no more than the pleader's conclusion as to the legal effect of the instrument, which was specifically set forth in the complaint. The memorandum referred to was not signed by the defendant, and manifestly the allegation above quoted, to the effect that by the memorandum the defendant agreed to pay, added nothing to the terms of the memorandum itself and the signature attached thereto.

In the case of *Hendryx v. Turner,* 109 Wash. 672, 187 Pac. 372, plaintiff sued to recover from the defendant compensation for the maintenance and care of defendant's son. The trial court granted a motion for a nonsuit and dismissed the action. On appeal, the order of dismissal was reversed, and the cause remanded for further proceedings. The defendant contended that the complaint alleged an express contract, while the evidence showed, if anything, an implied contract. Concerning this question, this court said:

"While there are some expressions in the complaint that would tend to indicate that it was the intention to plead an express contract, yet, taking that instrument as a whole, we are satisfied that it was the intention to rely upon an implied contract. The complaint alleged, in substance, that the appellants performed the services at the special instance and request of the respondent and that the reasonable value of such services was a certain sum. These are the usual allegations contained in a complaint based upon *quantum meruit.* The allegation to the effect that respondent agreed to pay such reasonable compensation is nothing more than a conclusion of law, and, of course, surplusage."

Manifestly this court construed a poorly drawn complaint in accordance with the pleader's intention, as disclosed by the evidence. It does not appear that the defendant in the action had moved to make the complaint more definite and certain.

Appellants strongly rely upon the opinion of the supreme court of Arizona, in the case of *Kunselman v. Southern Pac. R. Co.*, 33 Ariz. 250, 263 Pac. 939. It appeared that in the original complaint the plaintiff alleged that the defendants were indebted to him in the sum of thirty thousand dollars, on account of services rendered, moneys advanced, etc., and that the defendants had agreed and promised to pay that sum to the plaintiff. A motion to make the complaint more definite and certain having been granted, plaintiff, instead of complying with the ruling of the court, filed an amended complaint directly alleging an account stated between the parties. To this complaint a demurrer based upon the statute of limitations was sustained, whereupon, no amended pleading having been filed, judgment on the defendants' motion for judgment on the pleadings was granted. The principal question to be determined on appeal was whether or not the amended complaint alleged a new and different cause of action from that set forth in the original complaint. The court stated that the first complaint declared on an open account for services rendered and moneys advanced, while, of course, the second was on an account stated. The court held that the amended complaint set up a new and distinct cause of action against which the statute of limitations had run. The court was not required to consider the nature of the action pleaded in the original complaint, but only that the amended complaint stated another and a different cause of action. The opinion is not in point in the case at bar.

In the case of *Eidinger v. Sigwart*, 13 Cal. App. 667, 110 Pac. 521, the court of appeal of California affirmed an order granting a new trial on defendant's motion, after a verdict in favor of plaintiff and a judgment thereon. The action was one for the recovery of com-

pensation for alleged personal services. The complaint alleged the performance of personal services for defendant, rendered at defendant's "special instance and request," together with the alleged reasonable value of the services; in other words, an action based upon a *quantum meruit*. At the close of plaintiff's case, defendant moved for a nonsuit, on the ground that plaintiff's evidence established an express contract, which motion was denied. The appellate court observed that the record did not disclose the ground upon which the trial court granted defendant's motion for a new trial. The opinion states that there was a clear technical variance between the contract declared upon and the one proven, which was an express contract. The appellate court discussed other questions relating to the weight of all the evidence, observed that the granting of a motion for new trial rested largely within the sound legal discretion of the trial court, and affirmed the order appealed from.

None of the cases cited is particularly in point. The other authorities cited need not be discussed.

A complaint may contain one cause of action on an alleged express contract, and another concerning the same transaction based upon a *quantum meruit,* and plaintiff may recover upon either cause of action which is supported by the evidence. In this particular, much liberality is always allowed.

Paragraph three of respondent's complaint above quoted is poorly drawn, and doubtless on motion plaintiff would have been required to make the same more definite and certain. Why respondent's counsel, when appellants' counsel strenuously objected to the evidence offered by respondent, did not request leave to clarify his complaint by a trial amendment, we are not advised, but no such leave was requested.

The complaint alleged that respondent's assignor furnished labor and materials at the special instance and request of appellants, "and upon their express promise to pay therefor," and that there was due and owing to respondent on account of the transaction the sum of three hundred dollars. Appellants did not seek further information concerning the "express promise" which respondent pleaded. Had they asked that the complaint be made more definite, doubtless the trial court would have granted such a motion.

▇ Appellants strenuously objected to the evidence offered by respondent, preserving their objection at all times, and for this reason the complaint may not be considered amended to conform to the proof.

▇ During the course of the argument as to the admissibility of the testimony offered by respondent, respondent's counsel stated, and appellants' counsel expressly admitted, that an amended bill of particulars had been filed in the case. In its summation, the trial court referred to this bill of particulars, evidently deeming the same pertinent to the question under consideration.

While a bill of particulars is not a pleading, it may be said to be a part of the "complaint in the sense that it must relate to the complaint and be construed in connection therewith, and that it restricts the plaintiff's proof to the matters specified in the bill." 1 Bancroft's Code Pleading 701, § 485.

In the early case of *Dudley v. Duval,* 29 Wash. 528, 70 Pac. 68, it appeared that, in an action to recover judgment for services alleged to have been performed by the plaintiff for the defendants, the complaint having been quite indefinite as to the nature of the services rendered and other matters concerning the cause of action, the defendants, while not interposing any motion to require that the complaint be made more

definite and certain, demanded a bill of particulars, in response to which plaintiff filed a lengthy written statement. The defendants then demurred to the complaint as amplified by the bill of particulars, on the ground that several causes of action were improperly joined, which demurrer was overruled. Defendants then filed an answer containing denials only. Upon the trial, the defendants objected to the admission of any testimony, on the ground that the bill of particulars totally departed from the complaint, and that the evidence offered differed from both. Defendants' objections were overruled, and the cause submitted to a jury, which returned a verdict in plaintiff's favor, from which the defendants appealed to this court. On appeal, the defendants contended that, by the complaint, amplified by the bill of particulars, two causes of action were stated and improperly joined, and that consequently their demurrer to the complaint should have been sustained. On this phase of the case, this court said:

"We think the demurrer was properly overruled. While a bill of particulars may be said to be a part of the plaintiff's complaint in the sense that it must relate to the complaint and be construed with reference to it, yet it cannot be considered as a part of the complaint for the purposes of the subsequent pleadings, but only to the extent of restricting the plaintiff's proof to the matters therein specified. In other words, the complaint cannot be enlarged or amended by a bill of particulars."

This court then held that, while a complaint cannot be enlarged or amended by a bill of particulars, the latter should be construed with reference to the complaint, while of course restricting plaintiff's proof to the matters therein set forth. It is equally true that a bill of particulars may explain an ambiguous complaint, and be considered in ascertaining the inten-

tion of the pleader. This court further stressed the proposition that, if a bill of particulars is, for any reason, obnoxious to the rules applicable to such a bill, it should be seasonably objected to. The judgment of the lower court was affirmed.

In the case at bar, it appears from the findings that the complaint was not treated as enlarged by any bill of particulars. Neither did the court consider that the complaint was amended by the bill of particulars, because the court expressly stated that the complaint was not amended.

In the case of *Hopper v. Gillett*, 6 N. J. Misc. 63, 140 Atl. 17, the supreme court of New Jersey approved a statement to the effect that a bill of particulars informs the defendant as to the details of the plaintiff's case, so as to enable the defendant to prepare a proper pleading, and also limits plaintiff's proof on the trial.

The same court, in the case of *Wolfson v. Mills*, 112 N. J. L. 1, 169 Atl. 359, stated that the primary purpose of such a bill is

" . . . to amplify the pleadings, and indicate, with more particularity than is ordinarily required in a formal plea, the nature of the claim made, in order that surprise upon the trial may be avoided, and the issue more intelligently met."

In the case of *Tisdale Lbr. Co. v. Droge*, 131 N. Y. Supp. 683, the supreme court of New York, appellate division, defined a bill of particulars as "an extension of the complaint or answer."

Some authorities refer to a bill of particulars as an amplification of the complaint. In any event, a bill of particulars, being for the aid of the court and opposing counsel, may properly be considered in connection with the complaint, and the trial court was justified in so considering any bill of particulars which appeared in the record in the case at bar. The

bill of particulars not being before us, we must assume, in aid of the judgment, that the trial court gave the matter only such consideration as it was entitled to receive.

The judgment appealed from in the case at bar might well be affirmed summarily, upon the ground that the record discloses the fact that the trial court, having before it a bill of particulars, which the court could consider in connection with the complaint, had the benefit of a matter relevant to the trial, which has not been brought before this court in the record on appeal. We have, however, discussed the matter fully, upon the record as brought before us.

■ Construing respondent's complaint in the light of modern rules governing construction of pleadings, we are of the opinion that it should be held that its language may fairly be held to include an allegation that an express contract existed between the parties, upon which the sum of three hundred dollars was due to respondent. Appellants were nowise misled. Mr. Brostrom was called by respondent as an adverse witness, and testified at considerable length concerning his dealings with Mr. Bushey. If appellants desired to bring a technical construction to bear upon the complaint, they should have moved against the same. Particularly was this true after the bill of particulars was filed.

The trial court did not err in admitting the testimony referred to, over appellants' objection, and, as the findings of fact are amply supported by the evidence, the judgment appealed from is affirmed.

ROBINSON, C. J., STEINERT, BLAKE, and JEFFERS, JJ., concur.