FRED WALTER, PLAINTIFF, v. HENRY BENDER, DEFENDANT.

Decided November 16, 1943.

**46**

*Levy, Fenster & McCloskey,* for the plaintiff.

*Joseph W. Kapp,* for the defendant.

CAFFREY, S. C. C. and C. C. J. The plaintiff filed a complaint against the defendant, from which it appears he is engaged in the business of constructing and selling memorials at Stuyvesant Avenue, Union, New Jersey, and the defendant was engaged in the business of selling flowers in an adjacent property.

The second count of the complaint alleges that, during the month of April, 1943, when a customer of the plaintiff had left his place of business and was passing the place of business of the defendant, defendant called out to the customer and said to him, "Don't bother with him [meaning the plaintiff]. He is a Nazi."

Another count recites that on a number of occasions during the months of April and May defendant, in talking with one Everett Gathwaite, who is in the trucking business and who does business for both plaintiff and the defendant, told the said Gathwaite, "Do not do any business with Fred Walter. He is a Nazi."

The fourth count alleges that, in the month of May, 1943, the defendant stopped several customers coming from the plaintiff's office and said to them, "Do not do any business with him [meaning the plaintiff] as he is a Nazi."

The fifth count, I take it, is the plaintiff's imputation of the words allegedly used by the defendant and reads as follows:

"The defendant, by said statements, meant to infer and did infer to the various parties to whom he made the statement, that the plaintiff was sympathetic with the German Govern-

ment with which the United States was and still is at war, and that the plaintiff was opposed to the United States Government and desired that the German Government be victorious in the war."

The sixth count is a general allegation that the statements were malicious, false, and slanderous, being used for the purpose of injuring the plaintiff in his person and in his business.

The seventh count alleges that the plaintiff, by reason of the foregoing false and slanderous statements, willfully and maliciously made by the defendant, has been injured in his good name, fame and credit and brought to public scandal and infamy with and among his neighbors and the members of his community, and has lost a large number of customers and a large amount of business that otherwise he would have obtained had not the malicious and false statements been made against him.

The defendant served a demand for answers to a bill of particulars, asking the following details:

"1. State the date, time of day, name of customer and address of said customer referred to in paragraph 2 of the complaint.

"2. Give the number of occasions during the months of April and May, 1943, giving the particular dates, time of each day, the particular location of occurrence, with the addresses thereof and the names of the persons present and/or who took part in the alleged conversations, mentioned in paragraph 3 of the complaint.

"3. State the date or dates, time of each day, name of each customer or customers mentioned in paragraph 4 of the complaint.

"4. The particulars of how and in what way the plaintiff alleges the defendant meant and did infer that the plaintiff was sympathetic with the German government; that the plaintiff was opposed to the United States government and desired that the German government be victorious in the war.

"5. A statement of how and in what way the plaintiff alleges defendant Henry Bender did maliciously and well knowing make statements regarding the plaintiff which are

alleged to infer to the various parties to whom made, that plaintiff was sympathetic with the German government, &c., as set forth in paragraph 5 of the complaint.

"6. Give the names and addresses of all customers plaintiff alleges he lost, an itemized statement of the amount of business lost, giving dates, &c.

"7. A bill of particulars of the plaintiff's alleged damage by reason of the alleged injury to his good name, fame and credit, itemizing each item, with date and amount.

"8. State the names and addresses of all the plaintiff's neighbors and members of his community with whom plaintiff alleges he has been injured in his good name, fame and credit and brought to public scandal and infamy.

"9. How long has plaintiff been in business of constructing and selling memorials at 1634 Stuyvesant Avenue, Union, N. J.

"10. Give the amount of plaintiff's gross profits derived from said business mentioned in paragraph 9 of this demand from,

 (a) April 1, 1939 to July 1, 1939
 (b) April 1, 1940 to July 1, 1940
 (c) April 1, 1941 to July 1, 1941
 (d) April 1, 1942 to July 1, 1942
 (e) April 1, 1943 to July 1, 1943
 (f) July 1, 1939 to July 1, 1940
 (g) July 1, 1940 to July 1, 1941
 (h) July 1, 1941 to July 1, 1942
 (i) July 1, 1942 to July 1, 1943

"11. State whether plaintiff was devoting his entire time and efforts to the business of constructing and selling memorials from July 1, 1939, to date.

"12. If answer to No. 11 hereof is No, state the nature of any other business and/or occupation to which he is or was devoting his time, for the period aforesaid, giving details and itemized statement of dates, locations, names of persons, firms and/or corporations, and nature of other occupations and/or business during said period or periods of time.

"13. State specifically what the plaintiff alleges the meaning of 'Nazi' to be.

"14. State whether plaintiff at any time, anywhere, was ever associated directly or indirectly with or attended the meetings of any organizations, German, German-American or Nazi.

"15. State whether plaintiff at any time, associated with persons known to be Nazi."

The plaintiff's answer to these particulars is as follows:

"1. Not a proper question.

"2. Not a proper question.

"3. Not a proper question.

"4. Not a proper question.

"5. Not a proper question.

"6. Numerous persons who would have come to plaintiff went elsewhere because of statements made by the defendant. As a rule, a person purchases a monument only once in his lifetime.

"7. A number of friends avoided plaintiff and upon inquiry by him said the defendant had said plaintiff was a Nazi and, therefore, avoided him.

"8. Not a proper question.

"9. Since 1935.

"10. All the records of plaintiff were destroyed when his office burned on February 23, 1943. He estimates his profit at $4,000 per year.

"11. Yes. Except for time before and after office hours he spent on his garden.

"12. Need not answer.

"13. Not a proper question.

"14. Never belong to a Nazi organization.

"15. No."

I know of no specific case in New Jersey wherein a ruling has been made with respect to the particulars, asking for such minute information as has been demanded in demands numbers one, three, six, seven, eight, and, in order to determine the propriety of these questions, I had to resort to some fundamental conceptions of pleading in suits for slander with regard to certainty.

In one of our early cases, *Trenton Mutual Life and Fire Insurance Co.* v. *Perrine*, 23 *N. J. L.* (at *p.* 415), the court

there held, "The general rule certainly is, that where the plaintiff alleges, by way of special damage, the loss of customers or friends * * *, the names of such customers or friends must be stated. But the rule is relaxed when the individuals may be supposed to be unknown to the plaintiff, or where they are so numerous as to excuse a specific description on the score of inconvenience." This is cited in 5 *Wait's Actions and Defenses* 731. It is also cited in *Ritchie* v. *Widdemer*, 59 *N. J. L.* 290; 35 *Atl. Rep.* 825.

Yet, in *Craig* v. *Proctor*, 229 *Mass.* 339; 118 *N. E. Rep.* 647, the court pointed out that the defendant, if apprehensive of being embarrassed in making her defense, could move for specification and the court would order the plaintiff to furnish names, dates, and particulars. The whole question is discussed and annotated in 86 *A. L. R.* 848.

In *Newell on Slander and Libel* (4th ed.) 709, there is cited the case of *Jones* v. *Platt*, 60 *How. Prac.* (*New York*), 277, holding that an order for particulars was proper asking for a specification of language such as divers and various other times and places.

In *Odgers on Pleading and Practice* 190, the following language was used, "Particulars of general damage will never be ordered. But whenever any special damage is claimed, without sufficient detail, particulars will be ordered of the alleged damage; *e. g.,* if the plaintiff alleges that certain customers have ceased to deal with him, he will be ordered to state their names. * * *"

In *Watkins* v. *Cope*, 84 *N. J. L.* 143; 86 *Atl. Rep.* 545, although this case had to do primarily with interrogatories, Mr. Justice Parker (at *p.* 147); 86 *Atl. Rep.* 547, discusses the function of bills of particulars and cites with approval the broad rule laid down in *Tilton* v. *Beecher*, 59 *N. Y.* 184, wherein it is said, "A bill of particulars is appropriate in all descriptions of actions where the circumstances are such that justice demands that a party should be apprised of the matters for which he is to be put for trial with greater particularity than is required by the rules of the pleading."

In *Odgers on Libel and Slander* (5th ed.) 626, speaking of the statement of claim as given by the plaintiff, the follow-

ing language is used: "In cases of slander he must give the date of each slander, the names of the persons to whom, and the places where, each slander was uttered," and (at *p.* 627), "If the special damage alleged be the loss of particular customers as distinct from a general diminution of income, the customers' names must be given, unless it is clear from the circumstances that plaintiff would not know their names."

A greater liberality in the right of particulars is recognized in our own state as evidenced by Mr. Justice Heher's opinion. See *Wolfson* v. *Mills,* 112 *N. J. L.* 1 (at *p.* 3); 169 *Atl. Rep.* 359, 360, "Although a bill of particulars may not be required for the purpose of disclosing the evidence, or the names of the witnesses of an adversary, it may be required for the purpose of giving definite information as to a claim or proposition maintained by an adversary with respect to any material fact at issue, even though this may involve a disclosure of the names of individuals with whom it is claimed the transactions were had; so that, while the name of a witness, as such, may not be required to be disclosed, nevertheless the name of an individual, with whom it is claimed that the transaction, which is one of the issues in the case, was had, may be required, in a proper case, to be specified, even though it may be the intention of the opposite party to prove the fact by such individual as a witness." See, also, Mr. Justice Bodine's opinion in *Buermann* v. *Morris,* 8 *N. J. Mis. R.* 811; 152 *Atl. Rep.* 341.

In the light of the foregoing it seems to me that part of the first interrogatory, giving the name of the customer mentioned in paragraph two of the complaint, should be answered.

Also in the light of the allegations in paragraph two of the complaint I take it the plaintiff knows the customer referred to in that paragraph and the defendant is entitled to know his name.

I believe the allegations in paragraph three of the complaint are sufficient and no particularities will be ordered with respect to that.

I take it that the plaintiff knows the several customers referred to in paragraph four of the complaint. The demand for bill of particulars directed to that count is to be answered.

The fourth demand has to do with the fifth paragraph of the complaint. Under the present practice the plaintiff is permitted to aver in what sense he deems the alleged slanderous words to be used. *R. S.* 2:59–3; *N. J. S. A.* 2:59–3.

With respect to the sixth demand, if the plaintiff can give the names and addresses of all the customers which he alleges he lost, he should do so.

The seventh demand is too exacting. It will be denied.

The eighth demand will be denied. That also is too minute in its demand.

Number twelve will be denied. It is not a proper question. Number thirteen will be denied.