[No: 34924.  Department One.  April 23, 1959.]

Leonard Allen Marcussen, *Appellant*, v. E. M. Greenwood et al., *Respondents*.[1]

*McMicken, Rupp & Schweppe, Warren A. Doolittle*, and *Fredric C. Tausend*, for appellant.

*Catlett, Hartman & Jarvis, Chadwick, Chadwick & Mills*, and *Jack B. Regan*, for respondents.

Mallery, J.—Plaintiff brought this action to recover for legal services.  The defendants Greenwood did not demur,

[1]Reported in 338 P. (2d) 133.

but the defendants Jarvis did, and their demurrer was sustained. The plaintiff appeals.

The appellant alleged that the Greenwoods retained attorney Jarvis to represent them

". . . before the United States Treasury Department in connection with deficiencies in Federal income tax and penalty for the taxable years 1946 to 1951, inclusive, . . . and to file petitions in the Tax Court of the United States for redetermination of said Federal income tax liability for said years."

Appellant alleged that

"V. On or about June 9, 1955, defendant David H. Jarvis informed plaintiff of Jarvis' employment as such attorney as alleged in Paragraph IV above and, acting for himself and for defendants Greenwood, within the scope of his authority as such attorney, entered into an agreement with the plaintiff whereby defendant David H. Jarvis employed plaintiff to perform certain services for defendant Jarvis and for defendants Greenwood as co-counsel with Jarvis in the representation of defendants Greenwood and of Winifred W. Greenwood in the matter of the Federal income tax liability of said defendants. It was agreed by defendant David H. Jarvis in his own behalf and in his capacity as agent for E. M. Greenwood, that for said legal services, plaintiff was to be paid Twenty-Five Dollars ($25.00) per hour for time spent on said business, including trial of the proceedings in the Tax Court and preparation and filing of a brief, with a proviso, however, that if plaintiff should succeed in settling the proceedings in whole or in part without litigation, plaintiff was to receive an increased fee equal to the reasonable value of his services.

"VI. Pursuant to the aforesaid agreement and at the special instance and request of the defendants herein, plaintiff performed certain legal services, and as a result thereof succeeded in settling the Federal income tax liability of the defendants Greenwood and of Winifred W. Greenwood for the taxable years 1946 to 1948, inclusive, on the basis which resulted in the saving in taxes, penalty and interest, of approximately Twenty-Four Thousand Dollars ($24,000.00), and further succeeded in obtaining a continuance of the proceedings in the Tax Court of the United States for the years 1949 to 1951, inclusive. Plaintiff completed the initial phase of his services on or about June 16, 1955, but his appearance as attorney of record remained on file with the Tax Court

until on or about April 17, 1956, when defendant E. M. Greenwood notified plaintiff that his services in connection with the proceedings still pending in the Tax Court for the taxable years 1949 to 1951, inclusive, were no longer needed, at which time plaintiff withdrew as co-counsel of record."

■ The respondents Jarvis contend the complaint did not allege the performance of services of benefit to them personally for which they would be liable, or, in other words, the legal services in question were performed for the Greenwoods who alone are liable for them.

The theory that a contractor is not liable to a subcontractor is unsound. The complaint states a cause of action in that regard.

■ The complaint alleges that the appellant is admitted to practice before the United States tax court. The respondents Jarvis contend that appellant cannot recover for services rendered in both the tax court and before the treasury department because he did not allege he was admitted to practice before the United States treasury department.

Jarvis is liable for assistance to himself upon his contract with the sub-contractor, regardless of whether or not the sub-contractor had a license to perform the services independently. In so far as want of a license constitutes a defense to a suit for legal services, it is available only to the client not to a lawyer against his assistant who works for him. See *Ferris v. Snively*, 172 Wash. 167, 19 P. (2d) 942, 90 A. L. R. 278.

■ Respondents Jarvis challenge appellant's second cause of action, which is based upon *quantum meruit*. We do not reach this question. In *Adjustment Department, Olympia Credit Bureau v. Brostrom*, 15 Wn. (2d) 193, 130 P. (2d) 67, we said:

"A complaint may contain one cause of action on an alleged express contract, and another concerning the same transaction based upon a *quantum meruit*, and plaintiff may recover upon either cause of action which is supported by the evidence. In this particular, much liberality is always allowed."

The first cause of action is sufficient to state a cause of action on both theories so that the second cause of action is mere surplusage.

The judgment is reversed.

WEAVER, C. J., FINLEY, OTT, and HUNTER, JJ., concur.

August 14, 1959. Petition for rehearing denied.